# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 27, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALICE SHANK,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0943** (BOR Appeal No. 2050278)
                    (Claim No. 2014023273)

**AMERICAN NATIONAL RED CROSS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Alice Shank, by J. Thomas Greene Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American National Red Cross, by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board reversed and vacated a February 11, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 31, 2013, decision rejecting the claim. The Board of Review reinstated the claims administrator's decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shank, a senior field representative, was injured on December 11, 2013, when she fell at a McDonald's and fractured her left shoulder. She testified in a deposition on July 8, 2014, that she is an employee of the American National Red Cross, not a volunteer. She stated that on the day in question, she answered emails, participated in a conference call, and then learned that a volunteer would not be able to make it to a blood drive. Ms. Shank drove to the site and performed the volunteer's duties. While doing that, she was also emailing and scheduling people. Around lunch, she went to McDonald's to get food for herself and three other workers. She

1

stated that she took a work call after arriving at McDonald's and before going in. She stated that she stepped off the curb at McDonald's and the next thing she remembers is lying on the ground on her left arm. She was taken to a nearby hospital by ambulance where she was diagnosed with a fractured shoulder. She was referred to a trauma surgeon who diagnosed multiple fractures and performed surgery.

The claims administrator rejected the claim on December 31, 2013. The Office of Judges reversed the decision and held the claim compensable on February 11, 2015. It stated that while the ordinary use of streets and highways are activities to which the general public is exposed, regardless of occupation, if the activity of the job benefits the employer in some way and results in injury, it is compensable. *Emmel v. State Compensation Director,* 150 W.Va. 277, 145 S.E.2d 29 (1965). It further noted that an injury incurred by a worker while traveling to and from work is not compensable unless the place of injury was brought within the scope of employment. In the instant case, the Office of Judges determined that Ms. Shank was going to get lunch for herself and coworkers when she was injured. The Office of Judges found that she made this as a management decision as it furthered goodwill between the staff, which benefited the American National Red Cross. She testified that she often made decisions without consulting upper management and that this was expected of her in the course of her employment. The Office of Judges concluded that it was not required that she be reimbursed for her mileage to and from McDonald's in order to bring the lunch trip within her scope of employment. Therefore, the Office of Judges determined that she was definitely performing something of benefit for her employer, unlike the employee in *Williby v. West Virginia Ins. Comm'r*, 224 W. Va. 358, at 364, 686 S.E.2d 9, at 13 (2009) (finding that the employer's lack of control over where the claimant could go or what she could do during her break was significant in determining that the injury was not the result of her employment).

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's rejection of the claim on September 1, 2015. The Board of Review determined that recent decisions by this Court provide guidance for analyzing this claim. In *Williby*, the claimant was injured while crossing the street to return to work after picking up lunch. The claim was found to be non-compensable. Similar conclusions were reached in *Linzy v. Bradley Public Service District*, No. 12-0877 (Mar. 24, 2014) (memorandum decision) and *Coleman v. Metro Emergency Operations Center of Kanawha County,* No. 12-1126 (Apr. 2, 2014) (memorandum decision). The Board of Review further found *Morton v. West Virginia Office of Insurance Commissioner,* 749 S.E.2d 612 (W.Va. 2013) to be instructive as to the issue of whether Ms. Shank was performing a benefit to the American National Red Cross. In *Morton*, the claimant was injured while helping a co-worker carry a box of baby clothes which had been left in the claimant's office for the co-worker. This Court found that the claim was not compensable because the employer did not benefit from the claimant carrying the box. The claimant's argument that helping to carry the box benefitted the employer by helping to promote teamwork and camaraderie was found to be unpersuasive. In the instant case, the Board of Review considered whether Ms. Shank's actions reduced the interruption of blood collection that could be caused by other staff members leaving to get lunch. However, the Board of Review concluded that the facts do not support that scenario as other staff members brought cold lunches

with them and only had fifteen to twenty minute breaks. The Board of Review held that Ms. Shank's injury did not occur in the course of and resulting from her employment.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Shank was not in the course of her employment when she went to McDonald's to pick up lunch for herself and a few other coworkers. The Board of Review was correct in its analysis of this Court's prior decisions. Ms. Shank's argument that her actions benefited the American National Red Cross by encouraging good will between staff is similar to the claimant's assertion in *Morton* that she was promoting camaraderie. This Court rejected such an assertion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 27, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3