# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EUGENE FAIR,**
**Claimant Below, Petitioner**

**vs.)   No. 22-ICA-279   (JCN: 2021023122)**

**AK STEEL CORPORATION,**
**Employer Below, Respondent**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eugene Fair appeals the November 4, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent AK Steel Corporation filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's decision denying Mr. Fair's request for a repeat lumbar MRI.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 11, 2021, Mr. Fair, a steel worker for AK Steel Corporation, sustained a work-related injury while lifting a flex hose and reamer overhead, resulting in the sudden onset of sharp pain in the left side of his lower back. Mr. Fair initially continued working before reporting to the emergency room that same day. He was diagnosed with back pain, muscle strain, and lumbago. Thereafter, Mr. Fair was administered an injection for pain and was discharged. On May 12, 2021, he returned to the emergency room complaining of continued back pain. At that time, an x-ray of the lumbar spine showed multilevel degenerative disc disease.

On May 20, 2021, the claim administrator held Mr. Fair's injury compensable for lumbar strain. In the interim, however, due to persistent problems with lower back pain, Mr. Fair was seen by his primary care physician, Dr. Stephen Mascio, D.O., on May 17, 2021. Dr. Mascio ordered an MRI of the lumbar spine, which was completed on June 18, 2021. The MRI report detailed that there was disc bulging at all levels from L2 to S1, but no disc herniation or nerve impingement was found. Also detected were a T12 Schmorl's node, L4 hemangioma, as well as mild discogenic endplate changes at T11-T12 and L2-

---

[1] Mr. Fair is represented by James T. Carey, Esq. AK Steel Corporation is represented by Maureen Kowalski, Esq.

1

L3. It does not appear from the record that Mr. Fair ever submitted a diagnosis update request to the claim administrator seeking that any additional condition be held compensable.

To treat his compensable injury, Mr. Fair participated in several months of physical therapy and was referred to a pain clinic where he received trigger-point lower back injections. Based upon the record, Mr. Fair reported the injections were not beneficial. During this time, Mr. Fair was seen by Dr. Mark Alan Frye, M.D., an orthopedic surgeon, on November 1, 2021. Based upon his report, Dr. Frye found the exam unremarkable and opined that based on his review of the June 2021 MRI and his own clinical evaluation of Mr. Fair, no surgical intervention was required, and that physical therapy should continue. Notably, regarding the MRI, Dr. Frye opined that it "shows maybe a little bit of foraminal dis[c] herniation on the left at L5-S1. Considering the foramen on the sagittal view, it is hard to see anything on the axial view though. Otherwise, no fractures. No stenosis centrally." Dr. Frye also found that Mr. Fair's condition had improved from physical therapy; he exhibited good muscle strength in all muscle groups in both lower extremities; and while Mr. Fair reported some back pain and tenderness to palpation, there was no spasm in the left side of his lower back. It was further noted that Mr. Fair exhibited full range of motion of the lumbar spine.

On February 1, 2022, Mr. Fair was again seen by Dr. Mascio. In his report, Dr. Mascio noted that Mr. Fair expressed that physical therapy caused persistent pain with his range-of-motion related to the lumbar strain. In response, Dr. Mascio recommended a repeat lumbar MRI to check its stability status since the June 2021 MRI to "ensure the bulging discs have NOT [sic] progressed as [physical therapy] 'made-it-worse' [sic] according to patient. It was associated with [p]ain down his legs."

On February 11, 2022, Dr. Joseph E. Grady, II, M.D., completed an independent medical evaluation ("IME") of Mr. Fair and diagnosed him with a lumbar strain superimposed upon preexisting degenerative change. Dr. Grady's report noted that Mr. Fair had been diagnosed with a lumbar strain and lumbago and that his imaging studies revealed some minor degenerative changes, but that Mr. Fair did not report a specific radiculopathy. It was further reported that he had a history of diabetes with prior diagnosis of diabetic neuropathy. Dr. Grady further concluded that Mr. Fair had fulfilled the recommended physical therapy guidelines for his compensable injury and further physical therapy was not recommended. As a result, Dr. Grady found that Mr. Fair had reached maximum medical improvement ("MMI") for his compensable injury of lumbar strain and that no further medical treatment or maintenance was required. For this condition, Dr. Grady assigned Mr. Fair a whole person impairment rating ("WPI") of 4%.

Dr. Grady subsequently issued an addendum report on February 15, 2022, to address Dr. Mascio's request for a repeat lumbar MRI. In his report, Dr. Grady noted that Mr. Fair had previously undergone a lumbar MRI in June 2021 that showed diffuse degenerative

changes but no actual disc herniation or nerve impingement, that Dr. Frye had found Mr. Fair's condition did not require surgery, and that Mr. Fair had received treatment in the form of physical therapy and injections. Dr. Grady opined that Mr. Fair's sensory abnormalities were a result of his known diabetic neuropathy. Regarding Mr. Fair's bulging lumbar discs, Dr. Grady determined that, while it was possible there could be some progression of the bulging disc in comparison to June 2021 MRI, such evidence would be indicative of the natural progression of preexisting degenerative conditions, and therefore, completely unrelated to his work-related injury. Therefore, Dr. Grady concluded that a repeat lumbar MRI was not medically necessary given Mr. Fair's compensable condition and the finding that he had reached MMI.

On February 17, 2022, the claim administrator denied Dr. Mascio's request for a repeat lumbar MRI. In support, the claim administrator determined that based upon the findings of Dr. Grady in his February 15, 2022, addendum, the MRI was neither medically necessary nor reasonably required to treat Mr. Fair's compensable condition of a lumbar strain. Mr. Fair timely protested the claim administrator's order to the Board, and on November 4, 2022, the Board issued its decision affirming the claim administrator's denial. In its ruling, the Board found that the condition for which Dr. Mascio sought the MRI, lumbar disc bulge, had not been recognized as a compensable condition in this claim and that Mr. Fair had failed to prove by a preponderance of the evidence that a repeat MRI was medically necessary or reasonably related to his compensable condition. Mr. Fair now appeals.[2]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[2] Although we find no error in the Board's conclusion herein, we are concerned with the brevity of the Board's order. Its order references that ten exhibits were considered as evidence, in addition to the parties' written closing arguments. However, this record was not discussed in the Board's order, leaving this Court to glean its recitation of the facts from the appendix record on appeal. We impress upon the Board that it is imperative, as the trier of fact, that all orders must contain detailed findings of facts and conclusions of law setting forth in significant detail the basis of its decision to afford us the opportunity for meaningful appellate review. *See, e.g., Adams v. United Parcel Serv., Inc.*, No. 22-ICA-16, 2022 WL 17164472, at \* 1 n.3 (W. Va. Ct. App. Nov. 15, 2022) (memorandum decision); *Malnick v. ACNR Resources, Inc.*, No. 22-ICA-59, 2023 WL 152886, at \* 1 n.3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision).

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n,* No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

Mr. Fair's sole assignment of error on appeal is that the Board's decision to deny the repeat MRI was clearly wrong in view of the reliable, probative, and substantial evidence on the whole record because it was medically necessary and reasonably related to his compensable lumbar strain. At the outset, we note that Mr. Fair's supporting argument is confusing. Namely, it is argued that the MRI is reasonable and necessary treatment under West Virginia Code § 23-4-3(a) (2005),[3] but in the same breath, Mr. Fair asserts that the repeat MRI is a diagnostic tool, not treatment. Regardless, we are unconvinced by Mr. Fair's argument.

A workers' compensation claimant has the burden of proving his or her claim. Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) ("[p]ursuant to [West Virginia Code § 23-4-1g(a) (2003)], a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence"). "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r,* 153 W. Va. 796, 172 S.E.2d 698 (1970). "In determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed." Syl. Pt. 3, *Emmel v. State Comp. Dir.,* 150 W. Va. 277, 145 S.E.2d 29 (1965)).

---

[3] West Virginia Code § 23-4-3(a) directs, in part, that providers of workers' compensation benefits "shall disburse and pay for personal injuries to the employees who are entitled to the benefits . . . [s]ums for health care services, rehabilitation services, durable medical and other goods and other supplies and medically related items as may be reasonably required."

Upon review, we find no error in the Board's denial of the repeat MRI. A lumbar disc bulge has not been recognized as a compensable condition in this claim. Dr. Frye's surgical consult found that the lumbar strain did not require further evaluation or surgery and recommended Mr. Fair continue with physical therapy and injections. Dr. Grady performed the only IME and did not mention that a repeat MRI was needed for the compensable injury. In fact, Dr. Grady found Mr. Fair had completed his recommended treatment, had reached MMI, and that no further treatment or maintenance was required for his compensable condition. Dr. Grady also opined that the lumbar disc bulge was unrelated to the lumbar strain. Further, Mr. Fair's only supporting evidence was Dr. Mascio's request for a repeat MRI, which failed to show that the request was necessary for the compensable injury. As such, we conclude that Mr. Fair has failed to prove by a preponderance of the evidence that a repeat MRI is medically necessary or reasonably related to the compensable lumbar strain.

Based on the foregoing, we find that the Board's denial of the repeat MRI was not clearly wrong in view of the reliable, probative, and substantial evidence on the whole record. Therefore, the Board's November 4, 2022, decision is affirmed.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen