LUCILLE CLAYTOR, WIDOW

v.

STATE COMPENSATION COMMISSIONER AND STANDARD ULTRAMARINE AND COLOR COMPANY

(No. 11025)

Submitted January 14, 1959. Decided February 24, 1959.

Browning, Judge, dissenting.

*Jackson, Kelly, Holt & O'Farrell, David D. Johnson,* for appellant.

*W. H. Darnall,* for appellees.

Berry, Judge:

The claimant and appellee, Lucille Claytor, filed an application for compensation with the State Compensation Commissioner for herself and dependent children under the West Virginia Workmen's Compensation Act, following the death of her husband, Luther Claytor, on May 22, 1956, which occurred while he was working in the plant of the Standard Ultramarine and Color Company of Huntington, West Virginia. The State Compensation Commissioner held that the claim was compensable, and upon appeal to the Workmen's Compensation Appeal Board, said holding was affirmed. It is from this action that this appeal is prosecuted by the employer or appellant.

Luther Claytor, the decedent, and Robert Johnson, the man who is responsible for his death, were both employees of the appellant. They were engaged in the same kind of work before the fatal injury on May 22, 1956, but worked on different crews. Neither man had any supervision over the other.

Several days before the fatal injury, Robert Johnson was transferred from his regular crew and assigned to work with the crew of which Luther Claytor was a member. Claytor had the reputation of being rather talkative and accustomed to kidding his fellow workers. In the course of their work which consisted of loading kilns there apparently had been certain "horseplay" on the part of the workers while engaged in the course of their

employment. It was solely a personal matter of joking and kidding among and between the employees.

On the day the fatal injury was inflicted by Johnson, Claytor and another employee, Frank Reed, who was working on the same crew, were kidding Johnson with regard to the speed with which they worked. This had been planned by the men on the crew to which Johnson had been newly assigned and was not seriously intended by the men, but only as a joke. The day before Claytor's death he had been bragging to Johnson that he was faster and better than Johnson and that Johnson was too slow to keep up with him. This continued for some time until Reed noticed that Johnson was not taking the matter as a joke and was becoming quite angry. Reed, upon noticing this attitude on the part of Johnson, told Claytor to leave Johnson alone. Claytor refused to stop his kidding of Johnson and indicated that he was going to continue, and did. Johnson told Claytor to leave him alone, that he didn't want to hurt him and Claytor merely replied to the effect that he was not going to leave him alone and that he, Johnson, had never hurt anybody. It was at that time that Johnson hit Claytor in the head with a shovel which caused his death. After Johnson hit Claytor with the shovel he simply said, "I told him to leave me alone." As a result of the incident, he was relieved of his work a short time later by his employer.

Robert Johnson was tried in the Common Pleas Court of Cabell County, West Virginia, for the murder of Luther Claytor, and found not guilty.

It is agreed that the fatal injury was received in the course of employment, but it is the appellant's contention that it did not result from his employment. This is the only question to be decided in this case.

That the injury must result from employment before such injury is compensable is clear by the language of the statute and decided cases. Code 23-4-10. *Damron* v. *Commissioner*, 109 W. Va. 343, 155 S. E. 119; *Archibald* v. *Compensation Commissioner*, 77 W. Va. 448, 87 S. E. 791.

In the case of *Jackson* v. *Compensation Commissioner*, 127 W. Va. 59, 31 S. E. 2d 848, it was held that where an employee's death results from an injury received in an altercation with a fellow employee while both were on duty and where the decedent was the aggressor, such claim is not compensable. In other words, it was held in such case that the fatal injury did not result from the employment. The claimant's decedent in the case at bar could not be said to be an aggressor, and the most that could be said of his action is that he may have provoked the injury. From the evidence as shown by the hearing conducted in this case, it is clear that the fatal injury was caused by the kidding of Johnson by Claytor, and that the entire matter was purely personal between Claytor and Johnson.

Although such question as is involved in this case has not been directly decided by this Court, it has clearly indicated that such cases are not compensable. In the case of *Archibald* v. *Compensation Commissioner, supra,* at pages 450 and 451 Judge Poffenbarger said: "Instances of injuries deemed not to have arisen out of the employment, although sustained in the course thereof, are found in the reported cases. *An injury intentionally inflicted upon one workman by another, by a blow from a piece of iron thrown in anger, or by an assault and battery, is of that kind.* * * * It is quite easy to perceive that violence of a fellow-workman or a stranger arises, not out of the work, but out of the vicious or irritable disposition of the assailant and that play or diversion, on the premises, is a step outside of the employment and a thing done for the employee himself and not for the employer. In none of these instances, is the occasion of the injury an incident of the work." [emphasis supplied]

It is true that the *Archibald* case held that an employee's death which was caused by drinking poisonous fluid which he thought was water, while he was working on the premises of the employer, was an injury which arose in the course of his employment and as a result thereof. However, it is clear from the language of the case stated

above that an injury resulting from a purely personal matter did not result from his employment and is not compensable.

A case where an employee is injured as a result of a purely personal matter is distinguished from a case such as *Burdette* v. *Commissioner,* 113 W. Va. 348, 167 S. E. 869, where an employee was required to face unusual risks by the employer and an assault and injury resulted therefrom, because the injuries in such case were received in the course of and as a result from his employment. The same distinction can be made in the case of *Crowder* v. *Commissioner,* 115 W. Va. 12, 174 S. E. 480, wherein it was held that injuries received by an employee caused by a third person who was angered because of the manner in which a certain feature of the employer's business was managed was compensable. The altercation in this case did not have anything to do with the employment. The men involved were fellow workmen and none had any supervision over the other. The men were on the employer's premises to load kilns and not to kid each other or to quarrel among themselves, and if an employee was injured as a result of the kidding or "horseplay", or a personal quarrel, it was purely a personal matter between the individual employees and had nothing to do with their employment. Therefore such injury did not result from the employment and is not compensable under the West Virginia Workmen's Compensation Act.

It is true that some cases from other jurisdictions hold such injuries as involved in the case at bar as compensable, but these cases do not express the view and holding of the cases decided by this Court under the Workmen's Compensation Act of this state.

For the reasons stated herein, the orders of the Appeal Board and the Compensation Commissioner are reversed and the case remanded to the Compensation Commissioner.

*Reversed and remanded.*

BROWNING, JUDGE, dissenting:

I find myself in disagreement with the other members of this Court in the decision to reverse the unanimous decision of the Workmen's Compensation Appeal Board, which affirmed the State Compensation Commissioner, in awarding compensation benefits to the appellee and her children. It is my view of the decisions of this Court that no precedent has been established that requires such a decision upon the facts in this record. It is true that in *Archibald* v. *State Compensation Commissioner*, 77 W. Va. 448, 87 S. E. 791, there is some dicta by Judge Poffenbarger to the effect that an injury intentionally inflicted upon one workman by another by a blow from a piece of iron thrown in anger, or by assault and battery, is of the kind that is not compensable. No one was injured in that case by a blow from a piece of iron, or by assault and battery, and the claim was held compensable.

In *Crowder* v. *State Compensation Commissioner*, 115 W. Va. 12, 174 S. E. 480, a service station attendant was killed by a man who lived near the station because of the alleged negligence of the employee in not keeping a toilet door closed. This Court held the claim of the decedent's petitioner compensable.

Upon my view of the evidence in this case, the decedent's death resulted not from any purely personal dispute between the deceased and Johnson, but from an attempt by the deceased and the members of his crew to prove to Johnson a newcomer to that crew, that they were better workers than Johnson and the crew with which he had formerly been working.

In 1. Larson's Workmen's Compensation Law, §11, Assaults, Page 109, many cases are collected and cited supporting the general statement under this title that: "Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work. Most jurisdictions deny compensation if the claimant himself was the aggressor,

although a few have rejected this defense if the employment in fact caused the fight to break out. * * *" See also: 99 C.J.S., Workmen's Compensation, §226; 58 Am. Jur., Workmen's Compensation, §266. In· *Jackson* v. *Compensation Commissioner*, 127 W. Va. 59, 31 S. E. 2d. 848, decedent was killed in an altercation with a co-employee arising out of decedent's refusal to move a track closer to such co-employee's working place. Compensation was denied, two Judges dissenting, solely on the ground that the evidence showed decedent to be the aggressor.

I would not accept the view that a dispute between fellow employees is purely personal, and has no relationship to the employment where, as here, it results from a spirit of competition between employees which enhanced the productivity of the plant in which they were employed, and where the injured or killed employee was not the aggressor. Reference is here made to the cases cited in Larson's Workmen's Compensation Law, C.J.S. and American Jurisprudence without any attempt to analyze them in detail. Suffice to say that under the great weight of authority in this country, this claim should be held compensable. That is not to say that I approve of all of the decisions in these annotations, nor even all that are cited by the Workmen's Compensation Appeal Board in its opinion, but I do agree with the result arrived at by the Board. Under the statutes, this Court must give the same weight to the findings of fact by the Board as it gives to that of a trial chancellor, and it cannot be reversed unless it is found that the Board is clearly wrong. I would affirm the decision of the Board in holding the claim compensable.