HARRY D. EMMEL

*v.*

STATE COMPENSATION DIRECTOR, AND
FESENMEIER BREWING Co.

(No. 12479)

Submitted September 29, 1965. Decided November 16, 1965.

278

*Browning, Judge,* not participating.

*George A. Fesenmeier,* for appellant.

*Barrett & Chafin, James F. Barrett,* for appellee.

CAPLAN, JUDGE:

The claimant, Harry D. Emmel, an employee of Fesenmeier Brewing Company, while on the latter's premises, sustained an injury which resulted in his hospitalization. This injury occurred on November 15, 1962 and on May 29, 1963 the claimant filed an application for workmen's compensation. On July 9, 1963 the then director ruled that the claim was noncompensable, whereupon the claimant protested and hearings were conducted. Thereafter, on December 8, 1964, the director entered an order setting aside his previous ruling and declared this claim to be com-

pensable. The latter ruling of the director was affirmed by the workmen's compensation appeal board and the employer prosecutes this appeal.

An examination of the record of this proceeding reveals that the claimant, on November 15, 1962, was employed by the Fesenmeier Brewing Company in its bottling house where he assisted in the bottle washing operation. He completed that day's work at 2:30 P.M. and officially checked out on the time clock. At that time, instead of leaving his employer's premises, he chose to go into the taproom, where he engaged with other employees in drinking beer.

The taproom is located on the premises of the employer and is maintained by it for its customers, employees and guests. Employees are permitted to use the taproom during their lunch period and after working hours, during which times they are served beer free of charge. Also they are allowed a "beer break" each hour, when free beer is available if it is desired. Mr. John Kearney, a vice president of the employer company, testified that the taproom is like a clubroom maintained for the benefit of employees and visitors and that free beer is extra compensation for the employees; that it has been maintained as such since 1934; and that the operation of the taproom is company policy. Several employees testified that it was customary for most of the men who worked at the brewery to go to the taproom at the end of their shifts and drink beer. Although it was a company rule that they were to remain there for no more than half an hour, most of them ordinarily stayed until the taproom closed at 5:00 P.M.

After the claimant had been in the taproom for approximately two hours he expressed a desire to retire to the restroom and left the table for that purpose. As soon as he left the room his friends heard a dull thud in the hallway and hurried out to see what had happened. There they found the claimant on the floor in an unconscious condition. It was apparent that he had fallen and had struck his head on the concrete floor. There were no obstacles in that area which could have caused such a fall and no one could testify as to the reason therefor.

The claimant's companions attempted to render assistance, after which an ambulance was summoned and he was taken to the Cabell-Huntington Hospital. Before he received any treatment he insisted that his wife take him home, which she finally consented to do. However, later that night the claimant began to suffer extreme pain in his head and he was taken to the St. Mary's Hospital, where his wife was advised that he should be taken to a brain specialist in Charleston. He was later examined at Charleston Memorial Hospital and then returned to St. Mary's Hospital in Huntington where he remained for a week. The claimant was then admitted to the Veterans Administration Hospital where it was discovered that he had a fractured skull. He stayed at this hospital from December 7, 1962 until May 5, 1963, after which he was taken to the Morris Memorial Nursing Home in Milton, West Virginia. He was still at this home during the proceedings before the director. The claimant is mentally incompetent and his wife has been appointed his committee by the County Court of Cabell County.

The claimant's wife testified that prior to this occurrence the claimant had not been subject to fainting spells nor had he had any mental problem. She did say that he drank quite a bit and that she was told by the doctors in Charleston that "his liver was damaged from drinking so much beer". Since sustaining this injury the claimant has been totally disabled.

On this appeal it is the position of the employer that the appeal board erred in finding that the injuries complained of were sustained by the claimant in the course of and as a result of his employment.

In determining the rights of the parties herein, it is evident that the claimant has the burden of establishing by positive evidence, or by evidence from which the inference can fairly and reasonably be drawn, that he sustained an injury in the course of and resulting from his employment. Such proof is required under the provisions of Code, 1931, 23-4-1, as amended, which clearly state that before injured

workmen are entitled to payment from the compensation fund it must be determined that their injuries have occurred " in the course of and resulting from their employment". This Court has repeatedly so held. *Deverick* v. *State Compensation Director,* 150 W. Va. 145, 144 S. E. 2d 498; *Hayes* v. *State Compensation Director,* 149 W. Va. 220, 140 S. E. 2d 443; *Shapaka* v. *State Compensation Commissioner,* 146 W. Va. 319, 119 S. E. 2d 821; *Claytor* v. *State Compensation Commissioner,* 144 W. Va. 103, 106 S. E. 2d 920; *Miller* v. *State Compensation Commissioner,* 126 W. Va. 78, 27 S. E. 2d 586; *Damron* v. *State Compensation Commissioner,* 109 W. Va. 343, 155 S. E. 119; *Machala* v. *Ott, Compensation Commissioner,* 108 W. Va. 391, 151 S. E. 313. See also 21A M. J., Workmen's Compensation, §31.

The two phrases, "in the course of" and "resulting from" are not synonymous and both elements must concur in order to make a claim compensable. The statute is in the conjunctive and not the disjunctive. *Damron* v. *State Compensation Commissioner,* 109 W. Va. 343, 155 S. E. 119; 21A M. J., Workmen's Compensation, §31; 58 Am. Jur., Workmen's Compensation, § 210. Therefore, in the instant case it must be shown that the injury complained of occurred not only in the course of employment but also as a result of such employment.

The circumstances surrounding the subject injury must be considered fully in making a determination of compensability. The claimant had officially terminated his day's employment and of his own choice went to the taproom to drink beer. According to company rules he was permitted to remain in the taproom for half an hour. Yet, this injury occurred at least two hours after his day's employment had ended. This Court has held that where an employee voluntarily remains on the premises of his employer after his shift of employment has terminated, an injury received during that time will not warrant a finding that it occurred in the course of or resulting from his employment. *Damron* v. *State Compensation Commissioner,* 109 W. Va. 343, 155 S. E. 119. This injury did not occur within the period of the claimant's employment or at the place where he rea-

sonably should be in performing his duties. Neither was he engaged in the furtherance of his employer's business. The following language is found in 58 Am. Jur., Workmen's Compensation, §212: "* * * it may be stated as a very general proposition that an injury occurs 'in the course of' the employment when it takes place within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto, or, as sometimes stated, where he is engaged in the furtherance of the employer's business. Conversely, a workman not engaged in performing the particular duties for which he was employed, or in something incidental thereto, is not in the course of his employment, even though he may be in the general sphere of it * * *." See the opinion in *Shapaka* v. *State Compensation Commissioner,* 146 W. Va. 319, 119 S. E. 2d 821, which included the above quoted language.

Whether an injury occurs in the course of or resulting from the employment so as to be compensable under the workmen's compensation act depends upon the particular facts in each case. This question may not be resolved by any fixed rule or formula. *Sullivan* v. *Suffolk Peanut Co.,* 171 Va. 439, 199 S. E. 504, 120 A.L.R. 677; 21A M. J., Workmen's Compensation, §27; 58 Am. Jur., Workmen's Compensation, §210. We think it is clear, in the circumstances of this case, and so hold, that the claimant's injury did not occur in the course of his employment. While it has been said that the words, "in the course of", should receive liberal construction, they can not be liberalized by judicial interpretation for the purpose of allowing compensation on every claim asserted, thereby rendering such words meaningless. *Connor* v. *Bragg,* 302 Va. 204, 123 S. E. 2d 393.

In determining whether an injury resulted from the claimant's employment a causal connection between such injury and employment must be shown to have existed. *Deverick* v. *State Compensation Director,* 150 W. Va. 145, 144 S. E. 2d 498. As indicated above, in resolving the question of compensability, each case must be considered on its own facts.

Where is a causal connection shown to exist in this case? The claimant, while engaged in a purely personal activity, fell and struck his head on a concrete floor. No one saw him fall. He was unable to say what caused him to fall and it is undisputed that there was no obstacle in the hallway which could have caused him to lose his balance. There was not even an offer of evidence in this proceeding which would tend to show a causal connection between the injury and the claimant's employment. There was no testimony relating to the manner in which this injury occurred or anything to show that the injury was connected to the employment. On what basis then may compensability be established in this case? We find none. Even the application of the liberality rule lends no assistance to the claimant, it having been well established that the use of such rule can not take the place of proper and satisfactory proof. *Deverick* v. *State Compensation Director,* 150 W. Va. 145, 144 S. E. 2d 498; *Hayes* v. *State Compensation Director,* 149 W. Va. 220, 140 S. E. 2d 443. We are therefore of the opinion that the instant injury is noncompensable because of the failure to prove any causal connection between the injury and the employment and for the reason that there is no showing that such injury occurred in the course of and resulting from claimant's employment.

In so holding, we are not unmindful of the authorities cited in the opinion of the appeal board and in the brief of the appellee relating to the compensability of injuries incurred at a recreational facility maintained by the employer. These cases generally hold that where a recreational facility is maintained for the mutual benefit of the employer and employee the use thereof is an incident of employment and an injury received while engaged in such recreational activity is compensable as having occurred in the course of and resulting from his employment. Those cases present a great variety of factual situations none of which, in our opinion, is determinative of the case at bar.

Here the employer maintained a taproom for the use of its customers, visitors and employees. It was available to the employees during their working hours and after such

hours. Even though a vice president of the employer company testified that free beer was considered extra compensation there was no showing that the employees were encouraged to use such facility. In fact, it was a company rule that an employee should remain in the taproom for no longer than thirty minutes. In other words, this room was not maintained for the employees alone and it is difficult to conceive of what benefit the employer derived from the employees use thereof.

It is said in Larson, Workmen's Compensation Law, Volume 1, page 349, §22.00, "Recreational or social activities are within the course of employment when * * * (3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." Thus, there must be more than the intangible benefit of improved employer-employee relationship.

In the circumstances of this case we find no basis for a finding of compensability under the authorities cited by the appellee, under our compensation statutes or under the prior decisions of this Court. An injury, to be compensable, must have occurred in the course of and resulting from the employment and it is not enough to say that the activity in which the injury occurred was a vague incident of employment.

It may be urged that the findings of the commissioner and workmen's compensation appeal board are conclusive and should not be disturbed by this Court. While the findings of fact of the appeal board are conclusive unless they are manifestly against the weight of the evidence, the legal conclusions of the appeal board, based upon such findings, are subject to review by the courts. Our review of this case concerns legal conclusions of the appeal board rather than findings of fact.

For the reasons stated herein the order of the appeal board is reversed and the decision of this Court will be certified to the appeal board and to the commissioner.

*Reversed.*