# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DAVID E. HONAKER,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-84**      (BOR Appeal No. 2058130)
                              (JCN: 2021021167)

**JUSTICE FAMILY GROUP, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David E. Honaker appeals the August 19, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Justice Family Group, LLC, filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the Office of Judges' decision rejecting Mr. Honaker's workers' compensation claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 29, 2021, Mr. Honaker, a pot washer for the employer, sought treatment from his primary care physician, Robert E. Olexo, D.O. Mr. Honaker complained of low back pain that radiated down his left leg. Mr. Honaker denied any injuries or falls and denied lifting anything he knew caused the injury. During the examination, Mr. Honaker exhibited tenderness to palpation and decreased range of motion. Dr. Olexo assessed lumbar strain and ordered x-rays, which were taken on March 30, 2021. The x-rays revealed degenerative changes of the lumbar spine.

Mr. Honaker underwent an MRI in April of 2021, that demonstrated an interval large disc herniation at L4-5, postoperative change seen at L5-S1,[2] prominent right L5

---

[1] Petitioner is represented by Reginald D. Henry, Esq. Respondent is represented by Billy R. Shelton, Esq.

[2] Mr. Honaker previously injured his lower back and had surgery in 2007 or 2008.

1

nerve root side of the rib prior surgery, and Tarlov cyst. At some point in April of 2021, Mr. Honaker notified his supervisor that he had sustained a work-related injury and, subsequently, the employer completed a preliminary incident report, wherein it noted that Mr. Honaker was diagnosed with a herniated disc but was unsure of a specific cause of injury. The employer also submitted an Employer's Report of Occupational Injury or Disease, wherein the author reported "unsure of accurate cause. [Mr. Honaker] stated that he does lift heavy pots. Lower left back, diagnosed as a herniated dis[c]." The author noted that there had been no reason to question the injury.

Mr. Honaker continued treatment with Dr. Olexo, who reviewed the MRI results and assessed sciatica, bruit, dyslipidemia, essential hypertension, GERD, and radiculopathy. Mr. Honaker also participated in a recorded statement, wherein he stated that his regular workday included washing and lifting heavy pots and sweeping and mopping floors. Mr. Honaker noted that he began feeling pain in his back around March 28 or 29 of 2021, and that he had been diagnosed with a large herniated disc, surmising that the diagnosis was related to his repetitive lifting of pots. Mr. Honaker admitted that there was no specific accident other than lifting. Later in April, Mr. Honaker presented at Spine Center PC for examination and was assessed with low back pain; spondylolysis, lumbar region; other intervertebral disc displacement, lumbar region; radiculopathy, lumbar region; and spondylolisthesis, lumbar region.

By order dated May 3, 2021, the claim administrator rejected the claim, concluding that the injury did not meet the statutory definition of an accident. Mr. Honaker protested the order. Subsequently, Mr. Honaker was examined by neurosurgeon John Orphanos, M.D. Dr. Orphanos assessed lumbar spondylolisthesis and radiculopathy due to lumbar intervertebral disc disorder and recommended physical therapy and a left transforaminal epidural steroid injection.

Mr. Honaker testified via deposition in August of 2021, wherein he reiterated his duties as a pot washer. Mr. Honaker testified that he believed the injury occurred around March 24 or 25 of 2021 because his back began to hurt during his shift. Mr. Honaker admitted that he did not notify his supervisor until around April 10, 2021, stating that his mother was sick and passed away around that time. Mr. Honaker acknowledged his 2008 back injury/surgery and that his current pain was in the same location and had previously received treatment for back pain and numbness of the leg in 2018. Mr. Honaker opined that his current injury occurred in the course of and as a result of his employment because his back was not hurting before his shift and began hurting during his shift, and because he was lifting a lot of pots and pans at that time. He admitted, however, that he originally told Dr. Olexo that he had not lifted anything that caused his injury.

By order dated April 1, 2022, the Office of Judges ("OOJ") affirmed the claim administrator's order rejecting the claim. While acknowledging that Mr. Honaker had been diagnosed with disc herniation, spondylolisthesis, and radiculopathy, the OOJ noted that

2

Mr. Honaker had a significant preexisting low back condition. The OOJ found that records dated from 2015 through 2017 demonstrated that Mr. Honaker had complaints of low back pain radiating to the lower extremities and had lumbar disc disease at the L4-5 and L5-6 level with a history of back surgery. The OOJ further found that there was no evidence of an isolated fortuitous event, as Mr. Honaker initially denied any injury or fall and denied lifting anything to cause injury.

Moreover, while the Supreme Court of Appeals of West Virginia ("SCAWV") has recognized a gradual injury as compensable per *Lilly v. State Workmen's Compensation Commissioner*, 159 W. Va. 613, 225 S.E.2d 214 (1976), the OOJ found *Lilly* to be distinguishable from the case at bar. In *Lilly*, the claimant's job required her to lift bundles of clothing with a repetitive twisting and lifting motion. *Id.* at 614, 225 S.E.2d at 215. Eventually, the claimant began to suffer low back pain and filed a workers' compensation claim. *Id.* at 614-15, 225 S.E.2d at 215. Two doctors of record opined that her back pain could be related to her employment, and evidence established that she had no prior injury to her back. *Id.* at 617-18, 225 S.E.2d at 216. The workers' compensation appeal board affirmed the insurance commissioner's decision concluding that the claim was not compensable as no injury occurred during the course of and a result of the claimant's employment. *Id.* at 616, 225 S.E.2d at 215-16. On appeal, the SCAWV reversed the board's order and held the claim compensable. *Id.* at 620, 225 S.E.2d at 218. The SCAWV held that "[a]n employee who sustains an injury which occurred as a result of repeated performances of a specific job duty, upon proof that such injury took place in the course of and resulting from his employment, has sustained an occupational disease, which . . . constitutes a personal injury." *Id.* at 613, 225 S.E.2d at 214, syl. pt. 2, in part.

The OOJ distinguished *Lilly* from the case at bar by noting that, unlike the claimant in *Lilly*, Mr. Honaker 1) never filed a report of occupational disease or injury, 2) failed to submit a medical opinion that his low back injury was the result of an occupational injury or disease, and 3) had a significant preexisting back condition. Indeed, the medical evidence demonstrated preexisting lumbar disc disease at the same level that Mr. Honaker's herniated disc occurred, and the record shows that he complained of chronic back pain. The OOJ noted that without a medical opinion that Mr. Honaker's work duties could have caused the herniation, the OOJ would have to speculate as to whether his preexisting condition or his employment caused the herniated disc. As such, the OOJ found that Mr. Honaker failed to meet his burden in establishing that he sustained a low back injury in the course of and as a result of his employment. The Board adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the April 1, 2022, order on August 19, 2022. Mr. Honaker now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Honaker argues that the lower tribunals erred in finding that his low back injury was not compensable and in rejecting the claim. Mr. Honaker avers that he suffered a work-related injury in March of 2021, while he was lifting and washing heavy pots. Mr. Honaker argues that the medical evidence of record demonstrates that he sustained an injury at work, citing to the MRI results demonstrating a "new" herniated disc at the L4-5 level. Mr. Honaker also notes that the employer's own report of injury specifically indicated that there was no reason to question the injury. Mr. Honaker compares his case to *Lilly*, noting that he performed repetitive and strenuous duties that led to a gradual injury. Mr. Honaker further argues the lower tribunals erred in finding that his preexisting back condition was the cause of his current injury. According to Mr. Honaker, he explained that the injury is in a "completely different area of his back." Mr. Honaker cites to Syllabus Point 5 of *Moore v. ICG Tygart Valley*, LLC, No. 20-0028, -- W. Va. --, -- S.E.2d --, 2022 WL 1262269 (W. Va. Apr. 28, 2022), wherein the SCAWV held that

[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Mr. Honaker claims he "had no symptoms when arriving for work that day, until about 12:00 pm while lifting and washing pots" and that, prior to the injury, he had been performing these duties without any issue. Accordingly, Mr. Honaker concludes that the OOJ as affirmed by the Board was clearly wrong in rejecting his claim.

4

After review, we agree with the OOJ as affirmed by the Board that Mr. Honaker failed to demonstrate that he sustained a herniated disc in the course of and as a result of his employment. As noted by the OOJ, Mr. Honaker failed to file a report of occupational disease or injury. In fact, when Mr. Honaker first sought treatment in March of 2021, he informed Dr. Olexo that he had not sustained any injury or lifted any objects that would have caused the back pain. Further, while Mr. Honaker likens his case to *Lilly*, the OOJ made specific findings distinguishing the cases, and we find no clear error in their findings. Moreover, we find that Mr. Honaker's reliance on *Moore* is misplaced, as he clearly does not meet the required elements. The OOJ noted that medical records from 2015 through 2017 demonstrated that Mr. Honaker had complaints of low back pain radiating into his lower extremities. Medical records also established that Mr. Honaker had a preexisting back condition that required surgery at the same level as his current disc herniation. As such, Mr. Honaker's preexisting condition was not asymptomatic, a prerequisite to compensability per *Moore*.

Most importantly, no medical professional of record attributed Mr. Honaker's disc herniation to his occupation. Accordingly, there was no evidence of record, aside from Mr. Honaker's self-serving statements, demonstrating a causal relationship between his employment and his disc herniation, which is fatal to Mr. Honaker's claim. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970) ("In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment."); *see also* Syl. Pt. 3, *Casdorph v. W. Va. Off. Ins. Com'r*, 225 W. Va. 94, 690 S.E.2d 102 (2009) ("'In determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed.' Syllabus Point 3, *Emmel v. State Compensation Director*, 150 W.Va. 277, 145 S.E.2d 29 (1965)."). Simply put, Mr. Honaker failed to meet his burden of proof in establishing that his disc herniation occurred in the course of and as a result of his employment, particularly when considering his significant preexisting back condition. Accordingly, we find no error in the Board's order affirming the OOJ's affirmance of the claim administrator's decision rejecting Mr. Honaker's claim.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5