# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 1, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

2023 Spring Term

_____

No. 22-ICA-204

_____

STEVEN KITTLE
Claimant Below, Petitioner
v.

ACNR RESOURCES, INC.,
Employer Below, Respondent

_____

Appeal from the Workers' Compensation Board of Review

(Appeal No.: 2058201)

(JCN: 2022006519)

AFFIRMED

_____

Submitted: March 1, 2023

Filed: May 1, 2023

J. Thomas Greene, Jr., Esq.                Aimee M. Stern, Esq.
Bailey, Stultz & Greene, PLLC              Dinsmore & Shohl, LLP
Weston, West Virginia                      Wheeling, West Virginia
Counsel for Petitioner                     Counsel for Respondent

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

GREEAR, Chief Judge:

Petitioner, Steven M. Kittle appeals the Workers' Compensation Board of Review's ("BOR") affirmation of the Workers' Compensation Office of Judges' ("OOJ") order denying Mr. Kittle's claim for benefits. We find that the BOR's order is not clearly wrong as Mr. Kittle did not establish that his foot injury resulted from his employment. Accordingly, we affirm the BOR's order.

## I.     Factual and Procedural Background

Mr. Kittle was injured on September 29, 2021, while employed by Respondent ACNR Resources, Inc., ("ACNR"). Mr. Kittle was relocating fans in ACNR's shower house when he felt a popping sensation in his foot followed by immediate foot pain and difficulty walking.

The record reflects that Mr. Kittle did not actually have a fan in his hand at the time of injury. Mr. Kittle does not allege that there were any defects in the floor of ACNR's shower house. Mr. Kittle promptly reported his injury to ACNR's safety personnel and was advised to seek medical treatment at the emergency room. However, Mr. Kittle attempted to continue to work despite his injury.

On September 30, 2021, Mr. Kittle sought medical treatment at MedExpress. MedExpress ordered non-weight bearing x-rays, which showed no fracture in Mr. Kittle's

1

foot but did show degenerative changes. Mr. Kittle was diagnosed with a left foot sprain. On October 7, 2021, the claim administrator denied Mr. Kittle's claim on the basis that the injury did not result from his employment with ACNR. Mr. Kittle protested this order.

On October 19, 2021, Mr. Kittle was seen by Daniel Fijalkowski, M.D., a podiatrist. Dr. Fijalkowski ordered weightbearing x-rays, which showed a fracture of the fourth metatarsal of Mr. Kittle's left foot. Dr. Fijalkowski diagnosed Mr. Kittle with a fracture, fitted him with a boot to immobilize his foot, and opined that he was unable to work until he could be medically cleared.

On April 1, 2022, the OOJ affirmed the claim administrator's order rejecting Mr. Kittle's claim, reasoning that Mr. Kittle's injury was not a result of employment. On September 27, 2022, the BOR affirmed the OOJ's order. It is from this order that Mr. Kittle now appeals.

## II.    Standard of Review

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

2

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921, (Ct. App. 2022).

## III.    Discussion

On appeal, Mr. Kittle asserts that the BOR committed clear legal error in its determination that his foot injury was not a result of his employment. Mr. Kittle argues that he was moving large fans from one part of the ACNR shower house to another, a duty of his employment, when his injury occurred, and that walking is a necessary required function of his duties. ACNR argues in response that the BOR did not err in finding that Mr. Kittle was not injured in a manner "resulting from this employment" as Mr. Kittle was "simply walking."

Generally, under West Virginia's workers' compensation statutory framework, for a claim to be held compensable, three elements must coexist: (1) a personal injury; (2) received in the course of employment; and (3) resulting from that employment. *See* Syl. Pt. 1, *Barnett v. State Workman's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970).

Here, the issue is whether Mr. Kittle's foot injury resulted from his employment with ACNR. In support of his argument, Mr. Kittle cites three memorandum decisions of the Supreme Court of Appeals of West Virginia ("SCAWV"): *Cox v. Fairfield Inn*, No. 14-0871, 2015 WL 3767243 (W. Va. June 16, 2015); *Constellium Rolled Prods. Ravenswood v. Barnette,* No. 18-1123, 2019 WL 6048317 (W. Va. Nov. 15, 2019); and *Greenbrier Hotel Corp. v. Gutierrez*, No. 16–0507, 2017 WL 1181072 (W. Va. Mar. 30, 2017).

In *Cox*, Ms. Cox was walking around a corner at her workplace when she twisted her ankle. She was diagnosed with a right ankle sprain/strain. Evidence showed that Ms. Cox did not slip or trip and the carpet was in excellent condition. Ms. Cox's employer argued that her injury could have occurred anywhere and, therefore, the injury did not occur as a result of her employment. The *Cox* Court rejected that argument and found that at the time of the injury, Ms. Cox was walking to perform her job duties and reasoned that her injury did occur as a result of her employment. Further, the *Cox* Court found that whether Ms. Cox tripped or slipped was irrelevant.

In *Constellium*, Mr. Barnette was ascending stairs on a crane when he injured his knee. He was diagnosed with a left knee sprain. The claim administrator rejected Mr. Barnette's claim because he was "merely walking up a flight of stairs." The OOJ reversed this finding and found that his action of walking up a flight of stairs was performed in furtherance of his job duties. Further, the OOJ found that Mr. Barnette walked the industrial

4

crane stairs, approximately forty-five steps, four to five times a shift. The BOR and the *Constellium* Court affirmed the OOJ's order.

In *Greenbrier,* Mr. Gutierrez was walking down a set of stairs as he arrived at work and sustained an injury to his right foot. Mr. Gutierrez was diagnosed with plantar fasciitis of the right foot. His employer argued that Mr. Gutierrez's foot injury was not sustained in the course of and resulting from his employment. The OOJ "concluded that the evidence of record failed to demonstrate that Mr. Gutierrez's right foot injury was attributed to a non-work-related occurrence." *Greenbrier*, 2017 WL 1181072, at *2. The BOR and the *Greenbrier* Court affirmed the OOJ's order.

Conversely, ACNR argues that the BOR did not err as Mr. Kettle did not satisfy the "resulting from" factor. The SCAWV has recognized that while injuries may occur at work, they are not compensable unless they also result from a claimant's employment. In *Dunn v. Tractor Supply Company*, No. 13-1029, 2015 WL 4546116 (W. Va. July 27, 2015), Ms. Dunn sustained a complex tear of her medial meniscus while walking at work. Evidence showed that she did not trip, slip, or come into contact with anything at work that increased her risk of injury. Accordingly, the OOJ, BOR, and *Dunn* Court determined that Ms. Dunn's knee injury was noncompensable.

The SCWVA has further opined on this issue. In *Shrum v. Logan Co. BOE*, No. 15-0751, 2016 WL 4133618 (W. Va. Aug. 1, 2016), Ms. Shrum injured her foot while

ascending stairs at work. She was diagnosed with an ankle sprain. The OOJ found that Ms. Shrum did not identify any specific reason why she fell and did not indicate that anything was defective with the stairs that would have increased her risk of injury. Accordingly, the BOR, and the *Shrum* Court found her workers' compensation claim noncompensable.

Likewise, in *Hypes v. Jackie Withrow Hospital*, No. 15-0174, 2016 WL 1164171 (W. Va. Mar. 24, 2016), Mr. Hypes' right knee gave out while he was descending a flight of stairs at work. X-rays showed arthritis in Mr. Hypes' knee. The OOJ found that Mr. Hypes was engaged in the normal activity of walking and reasoned that his knee injury was more likely than not related to the underlying non-compensable condition. Therefore, the OOJ, BOR, and the *Hypes* Court determined that his knee injury was noncompensable.

Finally, in *Baker v. Wheeling Island Gaming*, Inc., No. 21-0309, 2022 WL 4299575 (W. Va. Sept. 19, 2022), Ms. Baker fell at work when she turned to pivot, and her knee buckled. The OOJ determined that Ms. Baker did not describe an injury or accident that caused her fall and, therefore, her injury was not compensable. The BOR and the *Baker* Court affirmed.

The threshold issue in all the cases cited by both parties is the definition of the phrase "resulting from" employment. "Resulting from" requires the claimant to show a direct causal connection between the injury and employment. *See* Syl. Pt. 3, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965); Syl. Pt. 2, *Morton v. W. Va Off. of Ins.*

6

*Comm'r*, 231 W. Va. 719, 749 S.E.2d 612 (2013); and *Carter v. Davis Health Sys.*, No. 21-0129, 2023 WL 319279 (W. Va. Jan. 19, 2023). Such a causal connection is in addition to the requirement that an injury occurs in the course of employment.

In order to satisfy the direct causal connection required in workers' compensation claims, we hold that the claimant has the burden of establishing, by a preponderance of the evidence, that the injury complained of was caused by or contributed to some condition or aspect of employment that created an increased risk of injury. Failure to establish an employment specific element that increased the risk of injury will bar recovery.[1]

In the present case, it is undisputed that Mr. Kittle did not have a fan in his hand at the time of injury and did not allege any defects in the floor of the shower house. Had Mr. Kittle been carrying an industrial fan at the time of his injury, then he may have been able to meet his burden. Similarly, if Mr. Kittle had been walking down a steep incline or on an uneven surface, a different result may have been compelled.[2] Mr. Kittle's injury clearly occurred during an activity (walking) that did not present an increased risk of injury. Thus,

---

[1] Consistent with the established principles in the West Virginia workers' compensation system, the increased risk does not need to be the result of any negligence or fault on the part of the employer, nor does it need to be a violation of some safety standard. It is sufficient for the claimant to simply show that some aspect of the employment created a greater risk of injury.

[2] This list is not to be construed as exhaustive but to illustrate examples of what may bring about a different result.

the injury in question was received "in the course of" Mr. Kittle's employment, but was not "resulting from" that employment.

## IV.    Conclusion

Accordingly, as Mr. Kittle failed to meet his burden in establishing that his foot injury resulted from his employment, we find that the BOR's final order is not clearly wrong, and affirm the same.

Affirmed.