# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BLACKHAWK MINING, LLC,**
**Employer Below, Petitioner**

**vs.) No. 22-ICA-264**        (BOR Appeal No. 2058403)
                                                (JCN: 2022000319)

**MICHAEL COOMES,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC ("Blackhawk") appeals the October 21, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Michael Coomes filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") decision which reversed the claim administrator's order and held the claim compensable for the diagnoses of medial meniscal tear of the right knee and torn anterior cruciate ligament of the right knee.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coomes filed a workers' compensation claim for a right knee injury he suffered while working for Blackhawk as a foreman/fireboss at a coal mine on June 5, 2021. In the Employees' and Physicians' Report of Occupational Injury or Disease form (WC-1), Mr. Coomes reported that he was injured as he walked down a slight incline and his right knee buckled. He received treatment at MedExpress Urgent Care on June 7, 2021, where he was diagnosed with a right knee sprain and a questionable ACL tear. The treatment notes from the medical provider repeated Mr. Coomes' statement regarding the nature of the injury. However, in the "HPI" (history of present illness) section of the report, Kristin Youther, FNP-BC, also noted that Mr. Coomes reported that he was walking down a sloped area when his foot slid, his knee twisted, and he felt a pop. Nurse Youther reported that Mr. Coomes described continued pain and episodes of knee popping and giving out. After

---

[1] Blackhawk is represented by Jeffrey B. Brannon, Esq. Mr. Coomes is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

examining him, Nurse Youther assessed Mr. Coomes with a right knee sprain, but added that the exam was consistent with a complete tear of the ACL, and she ordered an MRI and an orthopedic referral.

By order dated June 14, 2021, the claim administrator rejected the claim based upon a finding that the mechanism of injury did not support an accident as statutorily defined and because the mechanism of injury was "not unique to coal mining." A second basis for the rejection was that Mr. Coomes had a preexisting condition. Mr. Coomes protested the order to the OOJ.

Mr. Coomes was treated by Gregory Southers, PA-C, at the Orthopaedic Center of the Virginias on July 2, 2021. At this visit, Mr. Coomes reported that he had injured his right knee while walking to his car and his right foot slipped and his knee buckled. Based on the exam, an MRI was ordered. In an incident report dated July 6, 2021, Mr. Coomes wrote that his injury occurred at the end of his shift when he was putting a "rubber-tire ride" on charge and the receptacle was at the top of a four-foot knoll. Mr. Coomes reported that he was walking back to the "ride" when he slipped and his knee popped. Among the findings of an MRI performed on July 28, 2021, were an abnormality consistent with a medial meniscal tear, the suggestion of a medial collateral ligament strain, a probable ACL tear, and several other strains and irregularities.

At a deposition on November 4, 2021, Mr. Coomes admitted that he had suffered a previous knee injury in 2007, but said it had resolved and he had no further problems until the injury in the present claim occurred on June 5, 2021. Although he did not recall an injury in 2010, Mr. Coomes recalled seeing George Orphanos, M.D., once when he was told that he merely had fluid on his knee. In his explanation about how the recent injury occurred, Mr. Coomes testified that he had walked up a 30-to-35-degree embankment covered in loose gravel to put the "rubber-tire ride" on charge. Mr. Coomes indicated that his right foot slid as he returned down the hill, and as he tried to catch himself, his body went "forth" and his right knee buckled underneath him. According to Mr. Coomes' testimony, after he fell, he rolled two feet to the bottom of the hill.

Documentation reveals that Mr. Coomes had previously suffered a right knee injury on November 13, 2010, when he twisted his knee after stepping into a hole while walking on a haul road at work. Mr. Coomes was treated for the injury on December 8, 2010, at Appalachian Regional Healthcare, Inc., where he was diagnosed with a right knee sprain/strain and ligament injury. He was referred to Dr. Orphanos, who completed the physician's section of an Employees' and Physicians' Report of Occupational Injury or Disease form on December 17, 2010. Dr. Orphanos diagnosed a knee sprain and possible meniscus injury.

On January 15, 2022, Michael Brooks, M.D., with Diagnostic Dating Specialists, LLC, reviewed the MRI dated July 21, 2021, and opined that it revealed both acute and

chronic conditions. Pertinent to the two conditions ruled compensable in the present claim, Dr. Brooks indicated that there were findings reflective of a previous partial medial meniscectomy rather than a radial tear, which was chronic. Further, Dr. Brooks felt that a partial thickness tear at the margin of the ACL was chronic in nature.

In a decision dated May 16, 2022, the OOJ reviewed the evidence concerning a prior knee injury in 2010, and evidence that post-dated the claim administrator's rejection of the claim on June 14, 2021. The OOJ found that since Mr. Coomes worked for more than ten years in the coal mining industry on uneven surfaces after the 2010 event, the preexisting knee injury was not of such nature as to have been a significant contributor to the injury in the present claim. The OOJ reversed the claim administrator's order and found that a preponderance of credible evidence demonstrated that Mr. Coomes sustained knee injuries after losing his footing and falling.

The conditions ruled compensable in the OOJ decision were a medial meniscus tear of the right knee and a torn anterior cruciate ligament in the right knee. By order dated October 21, 2022, the Board affirmed the OOJ decision dated May 16, 2022. Blackhawk now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E. 2d 916, 921 (Ct. App. 2022).

On appeal, Blackhawk argues that the Board's order affirming the OOJ's decision was clearly wrong in light of the reliable, probative, and substantial evidence of record, or lack thereof, and/or is arbitrary and capricious and in violation of the applicable statutes

and regulations, because the record establishes that Mr. Coomes reported on his WC-1 form that his "right knee just buckled." Further, Blackhawk asserts that a contemporaneous medical record documented Mr. Coomes' report that he was walking down a slight incline, his right knee buckled, and he had testified that his knee just "blew out." Blackhawk also notes that an expert analysis of the MRI concluded that the meniscal tear and ACL tear were chronic and not acute. Blackhawk contends that Mr. Coomes' knee buckled while performing a normal activity of everyday life, i.e., merely "walking down a slight incline," and even though the incline had scattered gravel, a compensable injury did not occur. In its brief, Blackhawk suggests that Mr. Coomes suffered an "idiopathic" injury that was not a result of his employment.

Blackhawk cites *Emmel v. State Compensation Director*, 150 W. Va. 277, 145 S.E.2d 29 (1965), and argues that in order to be compensable, "it is not enough to say that the activity in which the injury occurred was a vague incident of employment." *Id*. at 284, 145 S.E.2d at 34. Arguing that the claim should be denied, Blackhawk asserts that the fact that an injury happened at work is not enough to prove it occurred as a result of his employment. In furtherance of this argument, Blackhawk cites a line of cases in which the Supreme Court of Appeals of West Virginia determined that knee injuries were not compensable when they occurred when a worker's knee buckled or locked up while he or she was merely walking or standing from a seated position.[2]

However, we note other cases in which our Supreme Court of Appeals has determined injuries sustained while walking to be compensable. For instance, in *Kingston Mining, Inc. v. McKinney*, No. 18-0788, 2020 WL 738444 (W. Va. Feb. 13, 2020) (memorandum decision), the Court held compensable a right knee sprain sustained when the claimant was walking on uneven ground carrying a heavy tarp and his knee gave out. Similarly, in *Cox v. Fairfield Inn*, No. 14-0871, 2015 WL 3767243 (W. Va. June 16, 2015) (memorandum decision), the claimant was walking from the front desk around a corner and suffered an ankle sprain. In that case, the employer argued that her injury could have occurred anywhere; therefore, the injury did not occur as a result of her employment. The Court rejected that argument and found the claim compensable because, at the time of the

---

[2] Among the cases cited by Blackhawk were *Dunn v. Tractor Supply Co.*, No. 13-1029, 2015 WL 4546116 (W. Va. July 27, 2015) (memorandum decision); *Patrick v. CCBCC, Inc.*, No. 15-0276, 2016 WL 1123353 (W. Va. Mar. 22, 2016) (memorandum decision); *Shrum v. Logan County Bd. of Educ*., No. 15-0751, 2016 WL 4133618 (W. Va. Aug. 1, 2016) (memorandum decision); and *Gabbard v. Ashland Performance Materials*, No. 18-0299, 2018 WL 3528754 (W. Va. July 20, 2018) (memorandum decision).

injury, the claimant was walking to perform her duties, and thus, the injury occurred as a result of her employment.[3]

Recently, this Court ruled in *Kittle v. ACNR Resources, Inc.*, No. 22-ICA-204, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 3167482 (Ct. App. May 1, 2023) that a "claimant has the burden of establishing . . . that the injury complained of was caused by or contributed to some condition or aspect of employment that created an increased risk of injury. Failure to establish an employment specific element that increased the risk of injury will bar recovery." *Id.* at *3. In *Kittle*, we noted that the injury may have been compensable if the claimant had been "walking down a steep incline or on an uneven surface." *Id.*

After review, we conclude that the Board was not clearly wrong in affirming the OOJ's decision that found Mr. Coomes demonstrated that his right knee injury was compensable. Given the specific, detailed description of when and how the injury occurred, we are not persuaded by the argument that Mr. Coomes' knee simply gave out while he was merely walking. Therefore, we affirm the OOJ's conclusion, as affirmed by the Board, that Mr. Coomes suffered a right knee injury when he slipped on a graveled incline which he was descending in the course of his work.

Accordingly, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] *See also Constellium Rolled Prod. Ravenswood v. Barnette*, No. 18-1123, 2019 WL 6048317 (W. Va. Nov. 15, 2019) (memorandum decision) in which the Court held that a left knee sprain, incurred when the claimant ascended stairs on a crane, was compensable. The claim administrator had rejected the claim because the worker was "merely walking up a flight of stairs" when the injury occurred. The Court agreed with the Office of Judges that the claim was compensable because the activity that precipitated the injury was being performed in furtherance of the claimant's employment duties.