# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTIE CONLEY,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-424**        (JCN: 2024006657)

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

**FILED**

**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christie Conley appeals the October 8, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Logan County Board of Education ("LCBOE") timely filed a response.[1] Ms. Conley did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the compensability of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Conley filed a workers' compensation claim for an injury that she said occurred on October 6, 2023, while she was working as a physical education teacher for LCBOE. Ms. Conley completed an Employees' and Physicians' Report of Injury on October 6, 2023, in which she claimed that she injured her left hip while dancing with kindergarten students. The physician, who signed the physician's section of the form on October 6, 2023, listed the diagnosis of "left hip pain," but did not check the box to attribute the diagnosis to an occupational injury.

On October 6, 2023, Ms. Conley went to the emergency room at Logan Regional Medical Center and reported that she was dancing in her classroom and while moving her hips, she felt a pop over the left lateral hip joint and felt discomfort with radiating pain to her left flank and down her left lateral thigh. X-rays showed no acute abnormality, and Ms. Conley was discharged with a diagnosis of pain in the left hip. On October 23, 2023, Ms. Conley saw Robert McCleary, D.O., and reported that she had constant hip pain after she

---

[1] Ms. Conley is represented by Edwin H. Pancake, Esq. LCBOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

danced with her class and twisted the wrong way, causing her hip to pop. Further, Ms. Conley also reported pain in her arm, shoulder, and armpit. Dr. McCleary noted that Ms. Conley had previously visited the emergency room. Following an examination, Dr. McCleary diagnosed lumbosacral strain, for which he ordered chiropractic manipulation with physical therapy and a lumbar MRI; he also diagnosed a left shoulder sprain.

Randall L. Short, D.O., authored a Physician Review report dated November 6, 2023. Dr. Short reviewed a video provided by LCBOE and noted that it showed Ms. Conley dancing with children when she suddenly placed her left hand over her left iliac crest. Another adult in the room brought a chair, and Ms. Conley held on to the back of the chair. According to Dr. Short, the dancing was slow, with no sudden velocity changes of the hips, and he could not identify any obvious injury to the left shoulder or lumbar spine. Dr. Short also reviewed treatment notes from the emergency room and Dr. McCleary's report from October 23, 2023. Dr. Short noted that Ms. Conley did not complain of lumbar pain or left upper extremity/shoulder pain when she visited the emergency room. Based on his review, Dr. Short said that he could not identify any obvious injury to the left shoulder or lumbar spine.

On November 9, 2023, the claim administrator issued an order rejecting the claim on the basis that the "disability complained of was not due to an injury or disease received in the course of and resulting from employment." Further, the claim administrator noted that a video of the alleged event showed Ms. Conley dancing with some children in a gymnasium. The claim administrator characterized the dancing as slow, with no sudden velocity changes involving the hips. Ms. Conley suddenly placed her left hand over her left iliac crest and reported that she experienced a "pop" over the left hip. However, the claim administrator said that no injury appeared to have resulted from the dancing and that no injury to the left shoulder or lumbar spine was identified in the initial emergency room record. Ms. Conley protested this order to the Board.

Dr. McCleary saw Ms. Conley again on November 29, 2023. He noted a sprain of the left shoulder, lumbosacral strain, impingement syndrome of the left shoulder region, and somatic dysfunction of the left sacroiliac joint. An injection was given in the left shoulder to treat impingement, and Dr. McCleary noted that a shoulder MRI was needed to rule out a rotator cuff tear. Another injection was given in the sacroiliac joint to treat somatic dysfunction of that joint. At a follow up appointment on December 18, 2023, Dr. McCleary reviewed the left shoulder MRI and said that it showed tendinopathy of the supraspinatus with some AC joint arthritis and some degenerative changes of the labrum. Another injection was given in the left shoulder.

Ms. Conley testified in a deposition on March 11, 2024. Ms. Conley testified that on October 6, 2023, while working as a physical education teacher, she was dancing with her students when she moved left and felt a pop in her hip, with severe pain. Ms. Conley explained that the pain went from her hip, down her leg, and into her toes. Also, Ms. Conley

2

said that the pain went up under her right arm and down her left arm and into her fingers. According to Ms. Conley, she had no prior problems in her hips or her left shoulder. Ms. Conley testified that after her injury, her family doctor referred her to Dr. McCleary, an orthopedic surgeon, who felt that her hip pain stemmed from the sciatic nerve in her back. Ms. Conley testified that she returned to work on January 18, 2024, although she said that she continues to experience some left hip pain and occasional left shoulder pain.

By order dated October 8, 2024, the Board affirmed the claim administrator's order dated November 9, 2023. The Board found that Ms. Conley did not establish that she sustained an injury in the course of and resulting from her employment on October 6, 2023. Ms. Conley now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Conley argues that the Board was clearly wrong in concluding that she did not prove by a preponderance of the evidence that she had sustained an injury in the course of and resulting from her employment. Ms. Conley acknowledges that compensability in a workers' compensation claim requires three elements to coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, Ms. Conley asserts that Dr. Short's opinion was deserving of little evidentiary weight as he relied solely on a video when he offered his opinion about the causation of the injury. Conversely, Ms. Conley points to her deposition testimony and

the medical evidence she submitted and argues that substantial, reliable evidence confirms that she suffered an injury in the course of and resulting from her employment and that the Board's order is clearly wrong. Ms. Conley contends that the claim should be ruled compensable for a low back injury. We disagree.

The Board was not clearly wrong in determining that Ms. Conley did not establish by a preponderance of the evidence a causal connection between the work activity and the alleged injury. The Board pointed out that the physician who completed the original Employees' and Physicians' Report of Injury form dated October 6, 2023, did not indicate that Ms. Conley suffered an occupational injury. While not dispositive of the matter, the Board also noted that the sole diagnosis listed on the form was "left hip pain." The Board acknowledged that specific medical evidence is not required in every case to prove that a causal connection exists between the work activity and the alleged injury. However, the Board was not persuaded that a causal connection exists in this case.

In its argument in support of the Board's order, LCBOE argues Dr. Short reviewed a video of the event that Ms. Conley asserts caused her injury, and he determined that it does not reveal any significant velocity changes in her movements. LCBOE contends that it is questionable "whether simply stepping back and forth and/or moving the hips" while at work, without something more, is enough to establish causation – i.e. that the injury did not only occur while she was at work, but also that it resulted from the employment. We agree and note that although Ms. Conley may have felt left hip pain while at work, the Board was not clearly wrong in finding that she had not established a causal connection between her work activity and the alleged injury.[2]

Thus, we do not find that the Board was clearly wrong in affirming the November 9, 2023, order that rejected the claim. We also note that, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3,

_____

[2] "'Resulting from' requires the claimant to show a direct causal connection between the injury and employment. *See* Syl. Pt. 3, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965); Syl. Pt. 2, *Morton v. W. Va. Off. of Ins. Comm'r*, 231 W. Va. 719, 749 S.E.2d 612 (2013); and *Carter v. Davis Health Sys.*, No. 21-0129, 2023 WL 319279 (W. Va. Jan. 19, 2023) (memorandum decision). Such a causal connection is in addition to the requirement that an injury occurs in the course of employment." *Kittle v. ACNR Res., Inc.*, No. 22-ICA-204, 2023 WL 3167482, at *3 (W. Va. Ct. App. May 1, 2023).

*In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Based on the foregoing, we conclude that the Board's order is supported by substantial evidence.

Accordingly, we affirm the Board's October 8, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White