# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALCON LABORATORIES,**
**Employer Below, Petitioner**

**FILED**
**September 5, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-268**          (JCN: 2023007367)

**SARAH KING,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Alcon Laboratories ("Alcon") appeals the May 24, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Sarah King did not file a response.[1]  The issue on appeal is whether the Board erred in reversing the claim administrator's order, denying Ms. King's claim, and, instead, finding her claim compensable for a lumbar sprain.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 22, 2022, Ms. King, a production technician at Alcon, completed an Employee's First Report of Injury or Illness form, indicating that she injured her lower back on August 10, 2022. On the form, Ms. King indicated that she was unsure of the nature/cause of the injury but stated that she was "putting material together" and that she "noticed towards the end of shift my lower back was aching."

On September 27, 2022, Ms. King authored an email to her supervisor, Joshua Rohde, wherein she noted that her back was still bothering her, though it was "mainly outside of work more so than when I'm actually working." Mr. Rohde recommended that Ms. King see a doctor.

Ms. King sought treatment from Allen Young, M.D., at St. Mary's Occupational Medicine on October 5, 2022. Ms. King reported that she injured her lumbar spine when

---

[1] Alcon is represented by Jeffrey B. Brannon, Esq., and Loren C. Allen, Esq. Ms. King did not participate in this appeal.

1

she was lifting boxes at work and experienced a gradual onset of pain in her lower back. Ms. King reported that she initially thought the pain would resolve on its own but realized that time "had slipped away" so she sought treatment. Ms. King complained of mild to moderate pain in her lower back with intermittent numbness and tingling in the upper buttocks. Dr. Young diagnosed a lumbar sprain and recommended a course of steroids and provided a list of exercises/stretches to help decrease pain.

On October 12, 2022, Ms. King completed an Employees' and Physicians' Report of Occupational Injury, indicating that she injured her lower back due to "excessive lifting of boxes." Dr. Young completed the physician's section of the form and diagnosed a lumbar sprain and attributed it to an occupational injury. The claim administrator rejected the claim on November 1, 2022, finding that an injury did not occur in the course of and resulting from Ms. King's employment. Ms. King protested.

Ms. King submitted a closing argument on November 16, 2022, wherein she argued that she injured her back while working. According to Ms. King, on an average day, she is expected to produce around 20,000 components of material and that, on the day of the injury, she produced around 25,000 components of material. Ms. King argued that this extra production of material placed a strain on her back and that she did not immediately report the injury because she thought the pain would subside. In response, Alcon submitted a closing argument, arguing that there were no witnesses to corroborate Ms. King's assertions; that she could not point to an isolated incident or occurrence; that she did not report the injury for two weeks; and that she did not seek medical care for the injury for two months, all of which diluted the credibility of her claim.

By order dated May 24, 2023, the Board reversed the claim administrator's order and held the claim compensable for lumbar sprain. The Board found that the weight of the medical evidence established that Ms. King sustained a lumbar sprain, as noted in Dr. Young's medical report and the report of occupational injury. The Board noted that Ms. King alleged that she sustained a low back injury as a result of excessive lifting of boxes, and determined that the medical evidence supported her assertions. The Board further noted that Alcon failed to produce any evidence to refute Ms. King's assertions or Dr. Young's medical findings and, therefore, concluded that Ms. King established a prima facie case of compensability in this claim.

The Board also addressed several of Alcon's arguments, including that Ms. King failed to identify a definite, isolated, fortuitous occurrence. The Board found that per *Lilly v. State Workmen's Comp. Comm'r*, 159 W. Va. 613, 620, 225 S.E.2d 214, 218 (1976), a claimant who is injured gradually by or as a result of their job is as entitled to workers' compensation benefits as a claimant who suffers a single disabling injury. The Board found that Ms. King indicated that she was injured gradually as a result of excessive lifting of boxes, and that Alcon did not refute said assertion. Further, while Alcon argued that no coworkers were able to corroborate Ms. King's allegations, the Board found that the law

2

does not require an eyewitness to the injury. *See Ramey v. State Comp. Comm'r*, 150 W. Va. 402, 409, 146 S.E.2d 579, 584 (1966). Lastly, though Alcon noted that Ms. King did not report the injury for two weeks and did not seek medical attention for two months, the Board found that failure to immediately report or promptly seek medical treatment cannot be the sole basis for denying the claim. *See* W. Va. Code R. § 85-1-3.1 (2009). In summary, the Board concluded that the weight of the medical evidence corroborated Ms. King's assertion that she sustained an occupational injury to her low back and that the record contained no persuasive or credible evidence apart from the delay in reporting and seeking medical treatment to support the denial of the claim. Alcon now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Alcon argues that the Board clearly erred in reversing the claim administrator's order and holding the claim compensable for a lumbar sprain. According to Alcon, Ms. King failed to meet her burden of proving that she sustained a personal injury in the course of and resulting from her employment. Quoting *Emmel v. State Compensation Director*, 150 W. Va. 277, 284, 145 S.E.2d 29, 34 (1965), Alcon argues that it is not enough to say that "the activity in which the injury occurred was a vague incident of employment." Alcon notes that there was no evidence submitted below in support of an injury other than the Employees' and Physicians' Report of Occupational Injury form, and that Ms. King simply speculated that, because she experienced pain at the end of her shift, she sustained a compensable injury. Ms. King did not report the injury to her employer for twelve days and did not raise an explanation for her injury (excessive lifting of boxes) for over two

months. Alcon avers that there is simply no evidence of an isolated event and that Ms. King failed to show a causal connection between her injury and her employment.

Upon review, we find no merit in Alcon's arguments. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The Supreme Court of Appeals of West Virginia ("Supreme Court") has held that "[a] back injury sustained by a covered employee, in the course of and resulting from his employment, which developed over a period of time and did not occur as a result of a single, isolated trauma, is a personal injury." *Lilly*, 159 W. Va. at 613, 225 S.E.2d at 214, syl. pt. 1. Further, the Supreme Court found that a personal injury can occur as a result of repeated performances of a specific job duty. *Id.* at 613, 225 S.E.2d at 214, syl. pt. 2. In *Lilly*, the Supreme Court explained, "[a]n employee who is injured gradually by reason of the duties of employment and eventually becomes disabled is, under our workmen's compensation law, no less the recipient of a personal injury than one who suffered a single disabling trauma." *Id.* at 614, 225 S.E.2d at 214, syl. pt. 3.

Here, Ms. King reported an injury of her back within two weeks. While she initially stated she was unsure of how the injury occurred, she noted that she was putting materials together and, later, indicated that as part of her duties she was lifting boxes at an excessive rate. Indeed, per Ms. King's closing arguments, on the day of her injury, she put together around 25,000 components of materials, which put additional strain on her back. Ms. King reported this injury to Dr. Young, who diagnosed her with a lumbar sprain, which he attributed to her occupation. Critically, Alcon failed to submit any persuasive, credible evidence refuting this evidence.

Rather, Alcon attempts to attack the credibility of Ms. King's claim by arguing that she could not point to an isolated incident, that she had no eyewitnesses to her injury, that she did not notify her employer for twelve days, and that she did not seek medical attention for two months. However, we, like the Board, find these arguments to be without merit. Contrary to Alcon's claims, Ms. King does not need to point to an isolated incident or occurrence in order to sustain her claim, nor is she required to produce an eyewitness to the injury in order to receive benefits. As noted above, a gradual injury sustained through repetitive motion is sufficient to establish a personal injury when the injury was sustained in the course of and resulting from an employee's employment. *Id.* at 613, 225 S.E.2d at 214, syl. pt. 2. Moreover, the presence of an eyewitness to the injury is not a prerequisite to receive workers' compensation benefits. *Ramey*, 150 W. Va. at 402, 146 S.E.2d at 580, syl. pt. 1.

Further, we concur with the Board's determination that West Virginia Code of State Rules § 85-1-3.1 provides that "under no circumstances shall the fact that notice of an occupational injury was provided by the claimant later than two (2) working days from the time of the injury be the sole basis for denial of a claim." As noted by the Board, aside

4

from the delay in reporting the injury to her employer and seeking medical attention, there was no credible evidence to refute Ms. King's assertions that she sustained a compensable lumbar sprain.

In sum, we find that Ms. King presented sufficient evidence that she gradually sustained an injury to her low back through repetitive movements in the course of and resulting from her employment. Aside from attacking the credibility of her claims through avenues we have demonstrated to be meritless; Alcon presented no evidence refuting Ms. King's assertions. Given such a scenario, we cannot find that the Board was clearly wrong in reversing the claim administrator's order and finding the claim compensable for a lumbar sprain. Accordingly, we affirm the Board's May 24, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen