# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**John Hay,**
**Claimant Below, Petitioner**

**vs.)    No. 22-560**      (BOR Appeal No. 2057700)
                              (JCN:  2020009653)

**United Central,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner John Hay appeals the June 23, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent United Central filed a timely response.[1] On appeal, Mr. Hay argues that lumbar disc herniation and impingement at L3-L4 should be added to the claim as compensable conditions. In an order dated August 31, 2020, the claims administrator denied the inclusion of these as compensable in the claim. On December 22, 2021, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. The Board of Review affirmed the decision of the Office of Judges. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review is appropriate. *See* W. Va. R. App. P. 21.

On October 4, 2019, Mr. Hay sought treatment at MedExpress for an alleged back injury that he sustained at his job while lifting a heavy rolled up water hose weighing about seventy pounds.  On examination it  was noted that there was limited ROM during flexion in lower back due to pain, limited ROM during extension in lower back due to pain, and limited rotation in the left lower back due to pain. Paraspinous tenderness and muscle spasm was noted in the lower back. Right medial hip/groin tenderness was also observed.

Mr. Hay was diagnosed with back pain due to an unspecified injury of the low back, initial encounter. He was also diagnosed with spondylolisthesis of the lumbar region, radiculopathy of the lumbar region, and muscle spasm of the back.[2]

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by Jane Ann Pancake and Jeffrey B. Brannon.

[2]Prior to the injury in this claim, Mr. Hay was treated for back pain, with a history of sciatica, at MedExpress on July 14, 2013, and it was noted that he had a negative MRI and EMG.

Mr. Hay completed a Report of Injury form on October 4, 2019, stating that he injured his back while "lifting a roll of lay flat hose." The physician's section of the form was completed by a physician at MedExpress who indicated that an occupational injury to Mr. Hay's lumbar spine aggravated his degenerative disc disease. Additionally, the physician stated that Mr. Hay could return to work on October 5, 2019, on modified duty. He was advised to limit activities, such as no lifting, bending, pushing, pulling, stooping, squatting, or climbing. By order of the claims administrator dated October 17, 2019, the claim was accepted as compensable for lower back strain. Mr. Hay did not protest the claims administrator's order.

Mr. Hay returned to see his primary care physician at Beckley ARH Primary Care on October 17, 2019. Although the reason for the visit was for a follow-up examination for diabetes, hypertension, and neuropathy, Mr. Hay reported that he was still having sharp stabbing pain in his back following the back injury. He complained of low back pain that radiated down his right leg with numbness and tingling. Mr. Hay reported that the neuropathy in his feet was worse than it ever had been. The assessment was hypertension, diabetes mellitus type 2, neuropathy, and lumbar disc disease.

On November 5, 2019, Mr. Hay returned to MedExpress with complaints of low back pain. On examination, the claimant's range of motion, flexion, and extension, were found to be limited in his lower back due to pain. Swelling was observed in the right lower back, along with midline tenderness. The claimant was also found to be suffering from paraspinous tenderness and muscle spasms. He was diagnosed with back pain, lumbosacral radiculopathy, and sprain of ligaments of the lumbar spine. Mr. Hay received a referral for physical therapy and an appointment with a spine surgeon. A few weeks later, on November 20, 2019, Mr. Hay was seen at MedExpress by Jeannette Humphrey, FNP, for lower back pain and neck pain following a vehicle accident on November 18, 2019. The history states as follows:

> Patient was sitting in the chair in a stooped over position upon arrival to the room. I introduced myself and asked the patient what I could do for him today. He screamed at me (and) said his lower back was still hurting and now his neck is hurting from the wreck. I had the patient stand up so I could examine him and asked him if he was wearing a seatbelt and he said "Duh" quit asking me stupid questions. I said to the patient I will not see him if he is going to be inappropriate and I said I was leaving the room. He stood in front of me and got up in my face and screamed no you're not leaving. I made it to the door and he stood and he stood up in front of the door and still screaming at me and said you are not leaving. I pushed myself past the patient and opened the door. No exam was done. 911 was called.

Ms. Humphrey spoke with Mr. Hay's claims representative and reported an assessment consisting of back pain, lumbosacral radiculopathy, sprain of ligaments of the lumbar spine, sequela, and muscle spasm.

The employer submitted an Age of Injury Analysis from Diagnostic Dating Specialists, LLC, dated December 9, 2019, which examined an MRI taken of the claimant's lumbar spine two months after the workplace injury. The MRI was interpreted as demonstrating thecal sac stenosis

at L3-4; moderate bilateral foraminal stenosis; left foraminal stenosis at L4-5 with encroaching disc protrusion; and desiccation changes at L1-2, L2-3, and L3-4, with a loss of height. Kenneth Fortang, M.D., noted a general agreement with the findings and added that spinal stenosis changes, facet arthropathy, desiccation, and spondylosis were all markers for chronicity. Dr. Fortang found no specific evidence that any of the findings were acute, and he opined that the findings were considered chronic.

By order dated January 21, 2020, the claim was held compensable for lumbar strain, and on February 3, 2020, Mr. Hay was referred to John Schmidt III, M.D., for a neurosurgical evaluation. Mr. Hay was evaluated by Dr. Schmidt on February 12, 2020, after reporting that his symptoms began in October 2019 while lifting a flat hose at work. He described the pain as constant, with weakness in his legs. Dr. Schmidt noted the results of the MRI of the lumbar spine dated December 9, 2019, and diagnosed Mr. Hay with obesity, lumbar radiculopathy, pain in the right hip, spinal stenosis of the lumbar region, and degeneration of the lumbar intervertebral disc. Dr. Schmidt opined that Mr. Hay had severe degenerative changes at L3-4 which were likely contributing to his pain. The exam also suggested there may be right hip joint pathology causing some of the pain. Dr. Schmidt ordered lumbar spine x-rays and provided a referral to physical therapy and interventional pain management.

Mr. Hay returned to Dr. Schmidt on May 13, 2020, and reported that he was seen by Andrew Thymius, D.O., for pain management. Dr. Thymius had deferred injections because of a finding on the MRI scan of significant stenosis, a question of discitis, and the anticoagulation medication used for Mr. Hay's coronary artery disease. The impression from the evaluation was strain of muscle, fascia, and tendon of the lower back; lumbar spondylosis; spinal stenosis of the lumbar region; degeneration of lumbar intervertebral disc; and lumbar radiculopathy. Dr. Schmidt opined that Mr. Hay suffered from a musculoskeletal mechanical strain superimposed on a significant degree of ligamentum hypertrophy and degenerative spondylitic arthropathy with severe stenosis L3-4. Dr. Schmidt concluded that, based upon the diagnostic testing and physical examination, that Mr. Hay suffers from chronic low back pain, bilateral leg symptoms, and severe L3-L4 disc joint degeneration with canal stenosis. Dr. Schmidt concluded that Mr. Hay still required nonoperative therapy with physical therapy or chiropractic treatment for six weeks and would consider major surgery to address the disc involvement at L3-4.

On May 26, 2020, Dr. Fortang performed an Age of Injury Analysis of the December 9, 2019, using the MRI of Mr. Hay's lumbar spine. Dr. Fortang found the following:

> HISTORY: Approximately 2 months after an injury the patient had an MRI of the lumbar spine. The primary interpretation described severe thecal sac stenosis at L3-4 as well as moderate bilateral foraminal stenosis. Left foraminal stenosis is noted at L4-5 with encroaching disc protrusion. Desiccation changes were noted at L1-2, L2-3, and L3-4 with loss of height.

> DISCUSSION: There is general agreement with these findings. Spinal stenosis changes, facet arthropathy, desiccation, and spondylosis are all markers for chronicity. There is no specific evidence that any of these findings are acute.

3

CONCLUSION:  The findings are considered chronic.

On June 29, 2020, Mr. Hay was treated by Richard C. Wisman, M.D., for a follow-up evaluation. Dr. Wisman completed a diagnosis update form, reporting a primary diagnosis of strain of lumbar spine, with lumbar disc herniation and impingement at L3-4 as secondary diagnoses. On examination, Dr. Wisman noted paraspinal muscle tenderness, limited range of motion, lumbar spine tenderness, and a positive straight leg raise. Dr. Wisman diagnosed unspecified thoracic, thoracolumbar, and lumbosacral intervertebral disc disorder. It was noted that Mr. Hay had a "lumbar sprain which exacerbated and caused pain and radiation of pain."  By order dated August 31, 2020, the claims administrator denied the  request to add lumbar disc herniation and impingement at L3-L4 as compensable conditions. The claims administrator denied the request by stating that the medical evidence does not show that the requested conditions are causally related to the injury sustained on October 4, 2019. Mr. Hay protested the decision.

By decision dated December 22, 2021, the Office of Judges affirmed the August 31, 2020, order of the claims administrator denying the claim update. The Office of Judges found that the record reflects that neither the two radiologists nor the neurosurgeon of record diagnosed Mr. Hay as suffering from a lumbar disc herniation and impingement at L3-L4 resulting from the compensable injury. The Office of Judges determined that their reports indicated that Mr. Hay's condition was a lumbar strain superimposed on preexisting degenerative changes. It was concluded that the preponderance of the credible medical evidence failed to establish either a herniated disc or impingement at L3-4 attributable to the compensable injury. On June 23, 2022, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

The issue presented on appeal is whether the medical condition complained of by Mr. Hay is causally related to the compensable injury or from the events that caused the compensable injury. "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist:  (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). In determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed. *See Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965).

Mr. Hay argues that his condition is presumed to have resulted from the compensable injury, and he notes that the Office of Judges failed to consider that he was able to perform his job

prior to the injury, whereas after the injury he has been unable to work. Mr. Hay also asserts that he had no specific treatment for his back prior to the injury, and he believes that the evidence supports that his symptoms began following the compensable injury, and that the lumbar herniation and impingement should be compensable components of the claim.

In Syllabus Point 5 of *Moore v. ICG Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022), the court stated:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

After review, we find that the evidence of record supports the findings and conclusions of the Office of Judges as affirmed by the Board of Review. The diagnosis upon which the claim was found compensable is only a lumbar sprain. Mr. Hay argues that the Office of Judges failed to consider that he was able to perform his job prior to the injury, whereas after the injury he has been unable to work. However, it must be noted that the claimant's inability to work has not been proven to be due to his work injury. There is nothing in Dr. Wisman's medical records showing that Mr. Hay has work restrictions and/or is unable to work solely due to the compensable injury. Instead, the record demonstrates that he is unable to work due to multiple, non-work-related medical problems. The preponderance of the credible medical evidence fails to establish that the diagnosis of disc herniation or impingement at L3-L4 are related to the compensable injury. Accordingly, the Board of Review's order dated June 23, 2022, is affirmed.

Affirmed.

**CONCURRED IN BY: February 20, 2024**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

5

Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.