# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LAURA J. PERINE,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-415**          (JCN: 2024003236)

**GENESIS HEALTHCARE, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Laura J. Perine appeals the September 19, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Genesis Healthcare, LLC ("Genesis") timely filed a response.[1] Ms. Perine did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Perine, a nursing assistant at Genesis, completed an Employees' and Physicians' Report of Occupational Injury form on August 9, 2023, in which she alleged an injury to her right leg/knee on the same date, when it started to hurt while she was making a bed at work. Benjamin Moorehead, M.D., completed the physician's section of the form on September 18, 2023, and indicated that Ms. Perine sustained an occupational sprain injury to her right knee when she bumped her knee on a bed.

On the date of the injury, Ms. Perine presented to MedExpress with right knee pain. She reported that the pain was located at the posterior and medial side of the knee, and that the pain started at work. Ms. Perine could not identify the context of the injury. The assessment was strain of hamstring muscle. On August 21, 2023, Ms. Perine returned to MedExpress and reported right knee pain. The assessment was sprain of right knee and strain of hamstring muscle. Ms. Perine was placed on modified duty and referred to physical therapy.

---

[1] Ms. Perine is represented by J. Thomas Greene Jr., Esq., and T. Colin Greene, Esq. Genesis is represented by Evan J. Jenkins, Esq.

On September 1, 2023, Ms. Perine was seen by Dr. Moorehead at WVU Healthcare University Town Centre, regarding her right knee pain. Dr. Moorehead noted that Ms. Perine was not certain of an exact injury, but that she thought she bumped her knee on a patient's bed. Dr. Moorehead also noted that Ms. Perine had pain over the anterior and medial aspect of her right knee. Dr. Moorehead diagnosed sprain of right knee, unspecified ligament. He opined that Ms. Perine's examination was consistent with a possible meniscal injury and recommended physical therapy.

On October 26, 2023, Ms. Perine followed up with Dr. Moorehead and complained of continued right knee pain. Dr. Moorehead assessed right knee sprain. He recommended an MRI to further assess the meniscus and physical therapy.

Mary Thompson, a coworker of Ms. Perine, provided an undated written statement regarding the events of August 9, 2023. Ms. Thompson stated that she heard Ms. Perine make a distressed sound, and saw her in a resident's room, where she said she was in pain and couldn't move her leg. Ms. Thompson indicated that Ms. Perine was helped outside to another employee's car, and then went to Urgent Care.

On November 16, 2023, the claim administrator issued an order rejecting the claim. Ms. Perine protested this order to the Board.

On April 24, 2024, D. Kelly Agnew, M.D., performed an independent medical evaluation ("IME") of Ms. Perine. Dr. Agnew's impression was alleged worksite injury of August 9, 2023, with no clear evidence of injury in the medical records and no evidence of lingering injury on examination, and ongoing complaints with a component of nonorganicity. Dr. Agnew indicated that although Ms. Perine alleged that she struck her knee on a bed, this would not be a mechanism of injury to damage the medial meniscus. On physical examination, Ms. Perine exhibited widespread tenderness, not localized to a specific anatomic structure. Dr. Agnew concluded that there was no evidence of a lingering musculoskeletal injury or disease process that might be ascribed to the activities of August 9, 2023, and noted that even the medications in use at this time were in use before the alleged injury date for other diagnoses.

On May 9, 2024, Ms. Perine gave a deposition regarding her claim. She testified that prior to her alleged work injury, she was prescribed gabapentin and diclofenac for lower back pain, degenerative disc disease, and spinal stenosis. Further, Ms. Perine indicated that she did not have any right knee pain or symptoms prior to the work incident of August 9, 2023. Ms. Perine stated that on this date, she felt a sharp pain in her right knee and realized that she could not bear weight on it. Ms. Perine testified that the MedExpress report stating that her right knee started on August 8, 2023, was incorrect, and that the pain started on August 9, 2023. Ms. Perine indicated that when she went to MedExpress on

2

August 9, 2023, she did not remember what had happened, and did not mention striking her right knee on the bed.

Alexis Barner, a coworker of Ms. Perine, submitted an undated written statement regarding Ms. Perine's alleged injury. Ms. Barner stated that on August 19, 2023, she saw Ms. Perine limping and struggling to walk, so she went to find Mary, another nurse, for help.[2] Ms. Barner stated that Mary helped Ms. Perine into a wheelchair. Ms. Barner indicated that she did not see Ms. Perine get hurt.

On September 19, 2024, the Board issued an order affirming the claim administrator's November 16, 2023, order, which rejected the claim. The Board found that Ms. Perine failed to establish that she sustained a right knee injury in the course of and resulting from her employment on August 9, 2023. It is from this order that Ms. Perine now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Perine argues the Board should have found that she sustained her right knee injury while performing a necessary work function, and therefore her claim

---

[2] Ms. Barner's statement references events that took place on August 19, 2023, although Ms. Perine indicated that her injury took place on August 9, 2023.

should have been held compensable. Further, Ms. Perine asserts that the Board wrongly found Dr. Agnew's IME report to be persuasive. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986). Further, "[t]he two phrases, 'in the course of' and 'resulting from' are not synonymous, and both elements must concur in order to make a claim compensable. The statute is in the conjunctive and not the disjunctive." *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 281, 145 S.E.2d 29, 32 (1965). We also note that the Supreme Court of Appeals of West Virginia has held that "[i]n determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed." *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 112, 894 S.E.2d 890, 894 (2023).

Here, the Board found that Ms. Perine did not describe an injury in the course of and resulting from her employment when she was treated at MedExpress on August 9, 2023, and August 21, 2023. The Board also noted that Dr. Moorehead reported that Ms. Perine was not sure of an exact injury but thought that she bumped her knee on a patient's bed. Further, the Board found that Dr. Agnew reported there was a historical variability regarding whether there was an injury, and that he could not state with a reasonable degree of medical certainty that Ms. Perine sustained any injury on August 9, 2023. Thus, the Board determined that Ms. Perine did not meet her burden of proof to establish a compensable injury. We note that pursuant to West Virginia Code § 23-4-1g(a) (2003), a claimant in a worker's compensation claim must prove his or her claim for benefits by a preponderance of the evidence. *See Gill v. City of Charleston*, 236 W. Va. 737, 742, 783 S.E.2d 857, 862 (2016).

Upon review, we find that Ms. Perine did not demonstrate that the Board's decision is clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Ms. Perine did not establish that she received a right knee injury in the course of and resulting from her employment.

We also do not find merit in Ms. Perine's argument that the Board wrongly found Dr. Agnew's IME report to be persuasive. The Board weighed all of the medical evidence in the record, including Dr. Agnew's report, and concluded that Ms. Perine did not establish that she was injured in the course of and resulting from her employment. Finding no error, we defer to the Board's credibility determinations and weighing of the evidence. *See*

*Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 339, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations and inferences from the evidence. . . .").

Accordingly, we affirm the Board's September 19, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White