IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**THERESA L. CHILDERS,**
**Claimant Below, Petitioner**

FILED

**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-403**          (JCN: 2023018133)

**MERCER COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Theresa Childers appeals the September 16, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Mercer County Board of Education ("Mercer BOE") timely filed a response.[1] Ms. Childers did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied L4-L5 protrusion and right L5 radiculopathy as compensable conditions in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Prior to the injury at issue in this appeal, Ms. Childers was seen by Amy Proffitt, FNP-BC, on December 11, 2015. Ms. Childers reported left lower and upper back pain. FNP Proffitt's assessment included low back pain. On May 21, 2018, Ms. Childers was seen by Jenine Ward, FNP, regarding right sciatic nerve pain and right low back pain. On October 10, 2022, Ms. Childers followed up with FNP Ward and reported her hands and feet going numb, back issues, and stiffness in her neck. FNP Ward's assessment included lumbar radiculopathy. On October 10, 2022, Ms. Childers underwent an x-ray of her lumbar spine, which revealed moderate L4-L5; mild L3-L4 disc degeneration; degenerative changes at the thoracolumbar discs; anterior superior vertebral endplate spurs at L3-L5; and mild L4-S1 facet joint arthropathy.

On November 2, 2022, Ms. Childers was seen by Matthew Nelson, M.D., and reported cervical and lumbar pain, which began about two years prior. Dr. Nelson

---

[1] Ms. Childers is represented by Edwin H. Pancake, Esq. Mercer BOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

diagnosed spinal enthesopathy of the cervical and lumbar regions. He administered trigger point injections. Ms. Childers continued treatment with Dr. Nelson for her lumbar spine problems. In several of his reports, Dr. Nelson mentioned that Ms. Childers walked with a limp. On February 8, 2023, upon a review of Ms. Childers' lumbar MRI, Dr. Nelson noted that she may benefit from a spinal discectomy and fusion.

Turning to the injury at issue in this appeal, Ms. Childers, a bus operator, completed an Employees' and Physicians' Report of Occupational Injury or Disease form dated March 23, 2023. Ms. Childers stated that she injured her back while moving a student to the front of the bus. Medical personnel at Princeton Community Hospital completed the physicians' portion and listed the diagnosis as a lumbar sprain, which was the result of an occupational injury.

On September 21, 2023, Syam Stoll, M.D., authored a physician review regarding the request for an L4-L5 fusion. Dr. Stoll said that the proposed surgery was not supported by the objective medical documentation or the Official Disability Guidelines. He indicated that the MRI of April 29, 2023, did not reveal significant disease to warrant a lumbar fusion at L4-L5. Dr. Stoll opined that the S1 radiculopathy noted in the EMG/nerve conduction study was due to facet arthropathy and was not due to an acute lumbar disc herniation. He said that according to the ODG, spinal fusion is not recommended for degenerative disc disease, disc herniation, spinal stenosis without degenerative spondylolisthesis or instability, or nonspecific low back pain.

Mercer BOE submitted an additional physician review by Dr. Stoll, dated September 29, 2023. Dr. Stoll reviewed Prasadarao Mukkamala, M.D.'s report dated September 25, 2023, and noted that Dr. Mukkamala strongly disagreed with a fusion being performed. Dr. Stoll agreed with Dr. Mukkamala that the objective medical evidence does not support Rajesh Patel, M.D.'s proposed surgical intervention. He noted that Ms. Childers did not have any MRI or EMG/nerve conduction verification of L4 radiculopathy.

On August 18, 2024, Dr. Patel, from West Virginia Spine Center, completed a Diagnosis Update form, in which he requested that L5 radiculopathy, S1 radiculopathy, and right SI sacroiliac sprain be added as secondary compensable conditions in the claim.[2]

On October 8, 2024, Dr. Stoll completed an additional physician's review regarding the Diagnosis Update completed by Dr. Patel. Dr. Stoll did not recommend that the diagnoses of M53.3-right S1 radiculopathy and right SI sacroiliac sprain; M51.26 L4-5 protrusion right (other intervertebral disc displacement); M54.17 right L5 radiculopathy; and right SI sacroiliac sprain be added to Ms. Childers' claim.

---

[2] The record on appeal contains Dr. Patel's Diagnosis Update form but does not include Dr. Patel's treatment notes.

The claim administrator issued a Notice of Secondary Conditions dated November 14, 2024, which approved the conditions of strain of muscle fascia and tendon of the low back, radiculopathy of the lumbar region, and other intervertebral lumbar disc displacement. The claim administrator also stated as follows: "M51.26 for right L4-5 disc protrusion, and M54.16 for lumbar radiculopathy are listed as provisionally accepted diagnoses in the claim. M53.3 was reviewed and will not be added to the claim as it is not supported by the medical documentation."

On November 20, 2024, Jan Muizelaar, M.D., examined Ms. Childers, and noted that she complained of low back pain radiating into both legs. Dr. Muizelaar did not feel that the surgery proposed by Dr. Patel would help Ms. Childers, as the MRI scan was only minimally abnormal, while the EMG indicates an S1 radiculopathy, which would implicate the L5-S1 level, which looked normal.

On December 17, 2024, the Encova Select Grievance Board considered Ms. Childers' request for reconsideration of the Notice of Secondary Conditions. The Encova Select Grievance Board affirmed the denial of diagnosis code M53.3 based on Dr. Stoll's review. Further, the Encova Select Grievance Board determined that L4-L5 protrusion and right L5 radiculopathy are preexisting conditions and unrelated to the compensable injury in the claim. By Corrected Order dated February 17, 2025, the claim administrator concluded that L4-L5 disc protrusion and right L5 radiculopathy should not be accepted as compensable conditions in the claim in accordance with the findings of the Encova Select Grievance Board. Ms. Childers protested this order.

On March 6, 2025, Rebecca Thaxton, M.D., authored a physician review regarding a February 3, 2025, request for a repeat lumbar MRI for potential surgery. Dr. Thaxton recommended that the request be denied because surgery was not authorized in the claim. Further, she stated that the repeat MRI would not fall under the claim as West Virginia Code R. § 85-20-37.8 states that comorbidities, such as degenerative spine disease, are not compensable conditions. On March 17, 2025, the claim administrator denied authorization for an MRI of the lumbar spine based on Dr. Thaxton's physician's review.

On May 30, 2025, Scott Rainey, D.O., performed a record review regarding Ms. Childers' claim. He reviewed medical records beginning on August 16, 2011, which revealed that Ms. Childers complained of back pain. Dr. Rainey opined that Ms. Childers sustained a lumbar strain as a result of the work injury. Regarding the requested additional diagnoses, Dr. Rainey stated that he did not see a rationale to introduce these diagnoses as compensable conditions. Specific to the request for L4-L5 disc protrusion, Dr. Rainey opined that this is not an acute finding. Further, he said that Ms. Childers' symptoms of radiculopathy were preexisting and of a longstanding nature dating back to at least 2011.

Ms. Childers was deposed regarding her claim on July 9, 2025. She testified that on March 23, 2023, she had to move a child, who was causing altercations with other students,

from the back of the bus to the front. Ms. Childers recalled that she had to physically put her arms around the child and carry him to the front of the bus. Regarding her injuries, Ms. Childers stated that her lip was bleeding, and she started having back pain. She underwent physical therapy and injections, but none of the treatments helped with her constant pain. Ms. Childers indicated that she has numbness in both of her legs. Initially, the radiculopathy went down to the right leg, but over time it spread to the left leg. Ms. Childers testified that she was not having problems with her low back prior to the incident. Finally, Ms. Childers stated that she had not been able to return to work since March 23, 2023.

By order dated September 16, 2025, the Board affirmed the claim administrator's corrected order dated February 17, 2025. The Board found that the preponderance of the evidence establishes that the diagnoses of L4-L5 disc protrusion and right L5 radiculopathy are not causally related to the compensable injury.[3] It is from this order that Ms. Childers now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

---

[3] The Board also affirmed the claim administrator's December 17, 2024, order, which denied the request from West Virginia Spine Center to add a diagnosis of M53.3 as a compensable component of the claim. Ms. Childers' brief makes it clear that her appeal is limited to the compensability of L4-L5 disc protrusion and right L5 radiculopathy.

On appeal, Ms. Childers argues that the Board's decision is clearly wrong because the medical evidence justifies the inclusion of L4-L5 disc protrusion and right L5 radiculopathy as compensable conditions in the claim. Further, Ms. Childers asserts that the Board did not give appropriate weight to the most reliable medical evidence, the reports of Dr. Patel and the West Virginia Spine Center. We disagree.

In order for a claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). "In determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed." Syl. Pt. 3, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965).

The Supreme Court of Appeals of West Virginia ("SCAWV") held in Syllabus Point 3 of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), as follows:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

The SCAWV clarified its position in Syllabus Point 5 of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), and stated that:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continually manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Here, the Board found that Ms. Childers is not entitled to the presumption addressed in *Moore* because her preexisting low back condition was symptomatic as recent as the month prior to the compensable injury. Further, the Board found that there is no indication that Dr. Patel was familiar with Ms. Childers' history of back pain prior to the compensable injury, and thus, his opinion is not reliable. The Board noted that Dr. Stoll opined that the requested diagnoses should not be included in the claim. Dr. Rainey found that Ms. Childers' ongoing complaints of back and leg symptoms are related to preexisting conditions. Dr. Rainey opined that Ms. Childers' symptoms of radiculopathy are

preexisting and dated back to at least 2011. The Board determined Dr. Rainey's opinion was credible.

Based on the foregoing, the Board found that the diagnoses of L4-L5 disc protrusion and right L5 radiculopathy were not causally related to the compensable injury. As set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying L4-L5 disc protrusion and right L5 radiculopathy as compensable conditions in the claim.

Accordingly, we affirm the Board's September 16, 2025, order.

Affirmed.


**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White