IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FREDA J. LEE,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-309**          (JCN: 2024020578)

**LITTLE GENERAL STORES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Freda J. Lee appeals the July 2, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Little General Stores, Inc., ("LGSI") filed a response.[1] Ms. Lee did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Lee completed an Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1") form on May 20, 2024, alleging that she injured her back at work on May 15, 2024, while lifting beverages and taking them to the cooler. Andrew D. Bryant, D.O., completed the physician's section of the WC-1 form on May 20, 2024, and identified the lumbar spine as the body part injured and diagnosed a lumbar disc herniation that resulted from an occupational injury. Further, Dr. Bryant noted that the injury did not aggravate a prior injury or disease. Dr. Bryant took Ms. Lee off work from May 20, 2024, to June 1, 2024.

On June 5, 2024, Ms. Lee received treatment from Richard Knapp, M.D., related to a work-related injury of her thoracic and lumbar spine. Ms. Lee reported that her thoracic pain was nearly resolved and her lumbar pain had improved, but she still had lingering pain that radiated into her right lower extremity. Dr. Knapp diagnosed thoracic and lumbar

---

[1] Ms. Lee is represented by Edwin H. Pancake, Esq. LGSI is represented by James W. Heslep, Esq., and Steven K. Wellman, Esq.

1

strains and requested spinal x-rays and physical therapy. Dr. Knapp also released Ms. Lee to return to work at light duty with limitations on lifting, pushing, and pulling. On June 15, 2024, Dr. Knapp completed a Physical Capability Assessment form for Ms. Lee. Dr. Knapp placed Ms. Lee on restrictions from any extensive lifting, pushing, or pulling of more than ten pounds.

Before the injury at issue in this claim, between January of 2017 and April 23, 2024, Ms. Lee received treatment for symptoms related to her back. Murray E. Joiner, Jr., M.D., and his physician's assistants saw Ms. Lee nearly every month to provide pain medication refill prescriptions to treat her chronic low back pain. The providers at Dr. Joiner's office consistently diagnosed Ms. Lee with chronic low back pain, other intervertebral disc displacement of lumbar and lumbosacral regions, left leg sciatica, fibromyalgia, and other lumbar related conditions. In February of 2019, a new MRI of her lumbar spine was reviewed by Dr. Joiner's physician's assistant who noted that it showed a herniated nucleus pulposus, but no nerve root compression. In August and November of 2019, Ms. Lee received lumbar injections from L2-L3 to L5-S1 and an ultrasound-guided injection. On November 12, 2020, Ms. Lee reported that the previous month she was hospitalized after she fell from scaffolding, and she reported severe back pain. In multiple visits between 2022 and 2023, Ms. Lee reported pain in her mid to low back. On March 26, 2024, Ms. Lee reported worsening pain all over her body, including severe low back pain. On April 23, 2024, Ms. Lee reported an increase in her low back pain due to working at her job.

In May of 2023, Ms. Lee sought a pain management physician to treat fibromyalgia, arthritis in her knee, and pain in her mid and lower back after she moved to Madison, West Virginia. To that end, she underwent a new patient examination by Andrew Bryant, D.O., at BMH Medical Clinic. Dr. Bryant noted that Ms. Lee's prescribed medications included narcotics, anti-inflammatories, and steroids. At a visit in October of 2023, Dr. Bryant discussed Ms. Lee's ability to work in light of her pain from degenerative spinal conditions. Dr. Bryant explained to Ms. Lee that her pain may worsen with more activity, although activity was beneficial for her arthritic knee condition.

By order dated August 7, 2024, the claim administrator rejected Ms. Lee's claim as it found that she did not sustain an injury in the course of and resulting from her employment. The claim administrator listed May 16, 2024, as the date of the injury. Ms. Lee protested this order to the Board.

At a deposition on December 9, 2024, Ms. Lee testified that she worked as a cashier for her employer and injured her back on May 15, 2024, while stocking cases of beverages in coolers.[2] Ms. Lee stated that, as she opened a large door while carrying cases of bottled

_____

[2] Ms. Lee testified regarding the date that she was injured and whether it was on May 15, 2024, or May 16, 2024, acknowledging some inconsistency throughout the record. Ms. Lee could only state with certainty that the injury occurred on one of these two dates.

2

beverages, she pulled her back and felt pain down the right side of her lower back and into her hip. Ms. Lee said that she reported the injury to her supervisor the following day, although she was off work, and several days later, she saw Dr. Bryant. According to Ms. Lee, Dr. Bryant diagnosed a lumbar sprain and referred her to Dr. Knapp since it was a work related injury. She testified that she discontinued physical therapy after the claim was rejected, but she later resumed it, and it was still ongoing. Regarding prior back problems, Ms. Lee testified that in 2018 or 2019, she fell and suffered an upper spine compression fracture and broken ribs. However, Ms. Lee said that she had completely healed from the injury, and she denied that the injury involved her low back and denied having any prior treatment for her lower back. Ms. Lee testified that on the date of her injury, she had no work restrictions. On cross-examination, Ms. Lee testified that she has been treated by a pain management specialist for arthritis and fibromyalgia but denied that she was treated for spine pain.

On July 2, 2025, the Board affirmed the claim administrator's order rejecting the claim. The Board found that Ms. Lee failed to establish that she sustained a new injury to her lumbar spine as a result of an injury on May 15 or May 16, 2024, that occurred in the course of and resulting from her employment. Ms. Lee now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Lee argues that she established that she suffered a lumbar injury that occurred in the course of and resulting from her employment on or about May 16, 2024, as demonstrated by medical records. Ms. Lee asserts that the Board's finding that she did not

sustain a compensable injury is not supported by the evidence or the law and should be reversed. Ms. Lee maintains that the Board gave excessive weight to the fact that she suffered a serious back injury several years before the injury in this claim, and it failed to acknowledge that, although she received periodic treatment for her injury, she was able to work a strenuous job. Thus, Ms. Lee contends that any prior, ongoing low back issues were minor and inconsequential. Finally, Ms. Lee argues the Board did not properly weigh the evidence, as it should have found that there was at least an equal amount of evidence supporting her position that her low back injury is compensable. We disagree.

For a workers' compensation claim to be held compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Also, "[i]n determining whether an injury resulted from a claimant's employment, a causal connection between the injury and employment must be shown to have existed." Syl. Pt. 3, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965). The Supreme Court of Appeals of West Virginia has "traditionally held that a workers' compensation claimant has the burden of proving his or her claim by proper and satisfactory proof." *Casdorph v. West Virginia Office Ins. Comm'r*, 225 W. Va. 94, 99, 690 S.E.2d 102, 107 (2009).

The Board noted that Ms. Lee completed a WC-1 form on May 20, 2024, in which she alleged that she suffered a back injury on May 15, 2024, while lifting and carrying cases of beverages to a cooler at her workplace. The Board further noted that the record established that Ms. Lee received regular pain management treatment for chronic low back pain, other intervertebral disc displacement in the lumbar region, fibromyalgia, lumbar radiculopathy, and sciatica between January of 2017 and April of 2024.

The Board analyzed the case pursuant to the Supreme Court of Appeals of West Virginia's ("SCAWV") holdings in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) and *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022).

The SCAWV held in *Gill*:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3.

The SCAWV clarified its position in *Moore*, holding:

4

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at 294, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board found that Ms. Lee failed to establish that she is entitled to the presumption pursuant to *Moore*, that her lumbar spine herniated disc resulted from an injury in May of 2024. The Board noted that a lumbar MRI performed in 2019 revealed a herniated nucleus pulposus with no nerve root compression. Based on numerous treatment notes in the record, the Board concluded that Ms. Lee received extensive treatment for lumbar spine symptoms that are virtually the same as those she reported in June of 2024, after the alleged work injury. Further, the Board pointed out that on April 23, 2024, only three weeks before the alleged injury, Ms. Lee received treatment for her low back pain. The Board noted that pursuant to SCAWV's decision in *Gill*, a pre-existing injury may not be added as a compensable component in a workers' compensation claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Lee failed to establish that she suffered a lumbar injury in May of 2024 in the course of and resulting from her employment. There is ample evidence that Ms. Lee suffered ongoing, symptomatic back pain requiring medications and injections from as far back as 2017 and up to only a few weeks before the alleged injury in this claim. As the Board concluded, Ms. Lee's symptoms predated the alleged injury and are virtually the same as her symptoms following the alleged injury.

As set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which rejected the claim.

Accordingly, we affirm the Board's July 2, 2025, order.

Affirmed.

5

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White